STATE of Missouri and St. Louis County, Appellants,

v.

Otis McALLISTER, Defendant.

Nos. 55216, 55218.

Missouri Court of Appeals, Eastern District, Division Four.

March 28, 1989.

---

Robert E. Fox, Robert G. O'Blennis, Thomas W. Wehrle, Clayton, for appellants.

Charles M.M. Shepherd, Clayton, for defendant.

SMITH, Presiding Judge.

The State of Missouri and the County of St. Louis appeal from the order of the trial court ordering them to "release and deliver" to McAllister's attorney $823.00. This order was based upon a motion by McAllister for return of personal property seized at the time of McAllister's arrest for drug violations. We reverse and remand.

McAllister was arrested on August 15, 1986, at his home. His motion alleged that three uniformed officers of the County Police made the arrest and then searched the premises. The officers were not identified in the motion. These officers allegedly located and removed from the premises $1750 in currency and two articles of jewelry. The motion was filed in each of two criminal cases brought after the arrests and in which McAllister pleaded guilty. The motion requested that "after appropriate notice and hearing to all concerned individuals and agencies" the court order the property returned to movant. By order the court directed that notice be given by movant's attorney to three named police officers and the assistant prosecuting attorney. The named persons were given until a fixed date to respond and "thereafter this Court will set the matter for hearing and determination." The record does not reflect that notice was given.

The State, through the named assistant prosecuting attorney, responded to the motion. It alleged that $823 had been seized from the defendant and was being held by the St. Louis County Police Department. It also advanced the affirmative defense that the statute of limitations contained in Sec. 542.301 RSMo 1986 had run. Movant filed a motion for more definite statement and a reply to the State's responsive pleading. He also filed a motion for judgment and order by default or in the alternative for order to answer. This motion was directed against the three police officers. Copies of that document were indicated on the motion as being delivered to the Office of the Superintendent of the County Police. The court ordered the officers to file a responsive pleading to movant's original motion for return of personal property and stated, "cause to be set for hearing on request of parties." The State and the County "on behalf" of the officers filed an answer to the motion stating that the officers had seized $823 "in close proximity to controlled substances" and the money had been turned over to the County Police Department. It also alleged the officers were not made parties to the suit and could not be required to answer. That answer also raised the limitations defense and set forth the statutory authority for seizure and forfeiture. Sec. 195.020 and 195.140.

Movant then filed a motion for "judgment and order by default" asserting that the officers had "not made a response to the Motion and are now in default." The motion for judgment by default was "heard and submitted." The State then filed, unsolicited, proposed findings of fact, conclusions of law and order. This provoked an equally unsolicited letter from movant's counsel setting forth movant's opposing position and included as an attachment "strictly as an offer of settlement" an order to be signed by the judge. That order,

which became the judgment appealed from, stated:

"Under the general equity jurisdiction of the court, it is ordered and directed that the State of Missouri and the County of St. Louis release and deliver to Charles M.M. Shepherd as attorney and agent for Otis McAllister, the sum of Eight Hundred twenty three dollars ($823.00). All other motions, claims, requests, and applications for properties and monies in addition to the foregoing sum are denied."

Not surprisingly the State and County challenge the procedural irregularities leading to this judgment. We note initially that the judgment is rendered in part against a non-party, St. Louis County. The record is devoid of any pleading seeking relief against the County, devoid of any indication of service on that entity, and devoid of any service upon the three named police officers other than an allegation that copies were delivered to the Superintendent of the County Police. There is no record that any hearing was ever held on the merits of movant's motion. The trial court apparently accepted, on behalf of the State and County, under its "general equitable jurisdiction," the settlement offer made by the movant.

There is a clear statutorily established procedure for dealing with property seized by law enforcement officers. Sec. 195.140, RSMo 1986, provides that: "Any moneys, coin or currency found in close proximity to forfeitable controlled substances ... are presumed to be forfeitable under this subsection. The burden of proof shall be upon claimants of the property to rebut this presumption." The State's responsive pleading to movant's motion alleged the money was seized pursuant to that statutory section.

Sec. 542.301 deals with disposition of unclaimed seized property and forfeiture to the State. That statute deals with three different types of seized property. Subsections 1.(1) through (6) are concerned with "[s]tolen property, or property acquired in any other manner declared an offense by chapters 569 and 570, RSMo *but not in-cluding any of the property referred to in subsection 2 of this section....*" (Emphasis supplied). Chapter 569 deals with robbery, arson, burglary and related offenses; Chapter 570 deals with stealing and related offenses. Subsections 1.(1)–(6) involve, therefore, the procedures by which persons whose property has been taken from them by criminal action may recover it back after it has been seized by law enforcement officials. The claim is to be made in the court where a motion to suppress is or could be filed and the claim must be made within one year of the seizure. Sec. 542.-301.1(2). The limitations period serves as the holding period the state must observe before it can dispose of the property through public sale. Sec. 542.301.1(5). Those subsections (1)–(6) do not, by definition, apply to property seized by law enforcement authorities which is owned, legally possessed or claimed by the person arrested.

Subsections 2, 3, and 4 deal with that property. Subsections 3 and 4 have to do with obscene material and are not involved here. Subsection 2 provides for forfeiture of property utilized in the commission of felonies, property which cannot be legally possessed, or property which any statute authorizes or directs to be seized. The money involved in this case was purportedly seized pursuant to authority of Sec. 195.-140 and so is covered by subsection 2. Subsection 2.(2) provides that upon being informed of the fact of seizure the prosecuting attorney shall file in the court in which a motion to suppress is or could be filed, a motion praying for an order of forfeiture of the property. That was not done here. A motion may be filed by a claimant requesting that the property be declared not forfeitable and for an order delivering it to the moving party. That procedure was followed by McAllister here. Subsection 2 does not, as subsection 1.(2) does, provide for any time limitation for the filing of the motions. The reason is apparent. Subsection 1 deals with property to which the State makes no claim but operates solely as a custodian. Some reasonable limitation on how long that status should be required to exist before the prop-

erty is deemed abandoned is justified. Subsection 2, on the other hand, deals with property which the State claims an interest in upon obtaining a judicial authority to forfeit. It is the State's obligation to initiate judicial action and no reasonable basis exists for terminating a claimant's interest because of the State's failure to act to cause the ownership of the property to be transferred to the State. Until a judicial authorization is obtained for forfeiture the State is merely the possessor of property it has seized from the owner, whose identity it knows.

Upon filing of the motion, by either the State or a claimant, notice is to be given to all parties interested in the property of the time, place and nature of the hearing to be held on the motion. Each interested person shall be given a reasonable opportunity to appear and be heard as to the nature of the claim and upon the issue of whether the property is subject to forfeiture. Sec. 542.301.2(3). We are unable to find compliance here with either the notice or hearing requirements. As we have previously stated neither the County nor the officers involved (if indeed they are involved) received legally acceptable notice. Further no hearing on the merits of the controversy was ever held. The only hearing was on whether the officers were in default. Clearly the State was not in default because it had filed a responsive pleading. The County was not in default because it had never been noticed that it was involved. An answer had been filed "on behalf" of the officers. Further, if the officers were in default that would not authorize a judgment against the State and County, which were not. The order entered by the trial court was issued in contravention of the statutory procedures and must be reversed.

McAllister contends that he was not proceeding under the statute but rather by a separate equitable proceeding. How such a proceeding could be annexed to the underlying criminal proceeding is not explained. That aside, the statute provides McAllister with an adequate remedy at law and he cannot invoke an equitable remedy under those circumstances. *Milgram v.*

*Jiffy Equipment Co.,* 362 Mo. 1194, 247 S.W.2d 668 (1952) [18, 19].

Judgment reversed and cause remanded for further proceedings.

STEPHAN and SATZ, JJ., concur.