STATE of Missouri, Appellant,

v.

Jerry JOHNSON a/k/a Sharm
E. Johnson, Respondent.

No. WD 54130.

Missouri Court of Appeals,
Western District.

Dec. 9, 1997.

Robert R. Sterner, Pros. Atty. Callaway County, Geoffrey W. Preckshot, Asst. Pros. Atty., Callaway County, Fulton, for appellant.

Jerry Johnson, a/k/a Sharm E. Johnson, pro se.

Before ULRICH, C.J., P.J., and SMART and ELLIS, JJ.

ULRICH, Chief Judge, Presiding Judge.

The State of Missouri appeals the trial court's order directing it to release to Jerry Johnson property seized at the time of his arrest.[1] It contends that the property was not claimed by Mr. Johnson within the one-year statute of limitations period set forth in section 542.301.1(2),[2] and, therefore, should have been ordered sold at a public sale for the benefit of the county pursuant to section 542.301.1(5). Because section 542.301.1 was inapplicable in this case, the judgment of the trial court is affirmed.

Jerry Johnson, a/k/a Sharm Johnson, was arrested on August 6, 1992, for the crimes of receiving stolen property and forgery. At the time of the arrest, certain property consisting of $948 in United States currency, a woman's gold ring, and a black duffle bag containing clothing was seized by the State. Although Mr. Johnson was charged with the crimes in a complaint filed by the State on October 22, 1992, no information or indictment was filed, and the statute of limitations ran in the matter. Consequently, the criminal charges were dismissed on October 28, 1996.

On February 24, 1997, the State filed a Motion to Forfeit Unclaimed Seized Property Pursuant to Section 542.301.1. All interested parties were notified of the motion, and a hearing was held on March 14, 1997. Following the hearing, the trial court denied the State's motion and ordered the property re-

---

1. The State makes no claim that the seized property is contraband.

2. All statutory references are to RSMo 1994 unless otherwise indicated.

leased to Mr. Johnson. This appeal followed.[3]

 In a court-tried case, the judgment of the trial court will be upheld on appeal unless it is unsupported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

 Section 542.301 involves the disposition of unclaimed seized property and forfeiture to the State. *Castelli, v. City of Bridgeton,* 792 S.W.2d 909, 910 (Mo.App.1990); *State v. McAllister,* 767 S.W.2d 362, 364 (Mo. App.1989). Subsection 1 concerns "[s]tolen property, or property acquired in any other manner declared an offense by chapters 569 and 570, RSMo, but not including any of the property referred to in subsection 2 of this section." § 542.301.1(1). Subsections 1(1) through 1(6) set out the procedures by which persons whose property has been taken from them by criminal action may recover it after it has been seized by law enforcement officials. *McAllister,* 767 S.W.2d at 364. A claim under subsection 1 must be made within one year of the seizure, or it is barred.

§ 542.301.1(2).

On appeal, the State alleges that the disposition of Mr. Johnson's property was controlled by section 542.301.1. The State's allegation is incorrect. Subsection 1 provides for the disposal of stolen property that the property's owner has failed to claim. The property sought to be disposed of by the State in this case was not property stolen from Mr. Johnson that he subsequently failed to claim after its seizure by law enforcement officials. Instead, the property was seized from Mr. Johnson upon his arrest. By definition, subsection 1 does not apply to "property seized by law enforcement authorities which is owned, legally possessed or claimed by the person arrested." *McAllister,* 767 S.W.2d at 364. The procedure in section 542.301.1(5) that provides for the dis-

posal of unclaimed stolen property was, therefore, inapplicable. The trial court's order directing the State to release the property to Mr. Johnson is affirmed.

All concur.

---

**3.** Following the trial court's order, the State filed a Motion to Retain Property Pending Appeal that

was sustained by the court.