# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1521EM

_____

| | | |
|---|---|---|
| Walter Lathon, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | On Appeal from the United |
| | * | States District Court |
| City of St. Louis; St. Louis Board of | * | for the Eastern District |
| Police Commissioners, as a body, and | * | of Missouri. |
| in their official capacities; the following | * | |
| members comprising the Board of | * | |
| Police Commissioners: Ann-Marie | * | |
| Clarke; Robert T. Haar; Jeff S. Jameson; | * | |
| Wayne F. Smith; and Clarence Harmon, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 13, 2000

Filed: February 28, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and HANSEN, Circuit
Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Walter Lathon appeals from the District Court's grant of summary judgment to defendants in his action under 42 U.S.C. § 1983 claiming deprivation of property without due process. Upon de novo review, we reverse and remand.

I.

In August 1994, in the course of a multi-jurisdictional narcotics investigation, police officers of the St. Louis Police Department executed a valid search warrant for Mr. Lathon's residence. The officers seized cash and numerous items, including 18 firearms and 21 boxes of assorted ammunition. Approximately $33,000 of seized cash was turned over to federal authorities and became the subject of a federal forfeiture action. Mr. Lathon, as a claimant, entered into a settlement agreement with the government, releasing the government and the Police Department and all its representatives from all liability arising out of the forfeiture or the seizure of the money.

No criminal charges were ever filed against Mr. Lathon in connection with the property seized. His requests for the return of his weapons and ammunition, however, were rejected. The refusal to return this property was based upon the Police Department's decision that because of the circumstances of the seizure and the nature of the weapons as assault weapons (though it was not illegal for the plaintiff to possess them), the weapons and ammunition should not be returned absent a court order to do so. Five of the weapons were given by the Police Department to third parties – the sheriff's offices of three different counties in Missouri.

Mr. Lathon filed the present four-count action in federal district court challenging the decision not to return the ammunition and weapons. He named as defendants the City of St. Louis, the City's Board of Police Commissioners (Board), and the five members of the Board in their official capacities. In Counts I and II, brought under 42 U.S.C. § 1983, he claimed that the refusal to return the ammunition and weapons

respectively, constituted a deprivation of property without due process of law. Mr. Lathon sought actual damages, damages for the violation of his constitutional rights, punitive damages, and attorney's fees. Count III was brought under state law for conversion with regard to the five weapons that were given to third parties. Count IV was brought under state law for wrongful transfer and conversion of currency, claiming that the transfer of the seized currency to the federal authorities was in violation of state law, and seeking approximately $30,000 in damages.

Defendants moved for summary judgment on Counts I and II, arguing that the refusal to return Mr. Lathon's ammunition and weapons was an action not undertaken pursuant to a policy of the Board. Accordingly, defendants argued, under Parratt v. Taylor, 451 U.S. 527 (1981), and Hudson v. Palmer, 468 U.S. 517, 533 (1984), the existence of a state postdeprivation remedy in the form of an action for replevin precluded a claim under § 1983. In those cases the Supreme Court held that a deprivation of property caused by a state official's random and unauthorized conduct does not give rise to a § 1983 procedural due process claim if the state provides an adequate postdeprivation remedy.[1]

Mr. Lathon argued in response that the refusal to return his property to him was not a "random" or "unauthorized" act, but rather was based on an official policy, and that thus the Parratt/Hudson doctrine did not apply. By separate motion, Mr. Lathon moved for partial summary judgment as to liability on Counts I and II.

---

[1]Defendants also argued that the City of St. Louis was not a proper defendant in an action concerning police officers in the performance of their duties, that defendants are protected by sovereign or official immunity, that punitive damages cannot be awarded against any of the defendants, and that the release in the federal forfeiture action foreclosed the claim in Count IV.

II.

The District Court granted defendants' motion for summary judgment on Counts I and II. The Court recognized that when state officials deprive an individual of property pursuant to a state procedure or policy without predeprivation process, a § 1983 action may be brought regardless of whether there are adequate state postdeprivation remedies. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 436-437 (1982); see also Zinermon v. Burch, 494 U.S. 113, 128-32 (1990) (explaining that the rationale behind the Parratt/Hudson doctrine is that states could not predict and therefore could not be expected to safeguard against random and unauthorized deprivations through predeprivation process). The District Court reasoned, however, that this rule did not apply to this case because here there was predeprivation process, namely, the probable cause found by the state court to support the search warrant. Thus, according to the Court, the dispute over whether or not the police acted in accordance with a policy was not relevant.

The Court noted that Mr. Lathon had state-law remedies for any harm he suffered, either in an action for replevin or under Mo. Rev. Stat. § 542.301. The Court declined to exercise its pendent jurisdiction over the two state-law claims, and entered final judgment in favor of defendants. This appeal followed. The parties raise the same arguments advanced before the District Court in support of and in opposition to the motion for summary judgment.

III.

We review the District Court's grant of summary judgment de novo, applying the same standard as did the District Court. Richmond v. Fowlkes, 228 F.3d 854, 857 (8th Cir. 2000). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact

exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c).

We believe the District Court erred in holding that the valid search warrant defeated Mr. Lathon's constitutional claim.  The pivotal deprivation in this case was not the initial seizure of the ammunition and weapons, but the refusal to return them without a court order after it was determined that these items were not contraband or required as evidence in a court proceeding.  The record establishes that this refusal to return Mr. Lathon's property was not a random or unauthorized act.

The authorized decision not to return Mr. Lathon's property is not the sort of action for which postdeprivation process will suffice in this context.  Thus the adequacy of a postdeprivation remedy is not relevant to whether Mr. Lathon may maintain his § 1983 claims.  See Coleman v. Watt, 40 F.3d 255, 262 (8th Cir. 1994) ("the availability of state law postdeprivation remedies bears relevance *only* where the challenged acts of state officials can be characterized as random and unauthorized").

In any event, we believe there is no adequate postdeprivation state remedy.  Mr. Lathon's recourse would not be under Mo. Rev. Stat. § 542.301, but in an action for replevin.  See Castelli v. City of Bridgeton, 792 S.W.2d 909, 910 (Mo. App. 1990) (§ 542.301 is inapplicable to seized weapons that were legally possessed by the owner and not used in the commission of a crime; rather, a replevin action is the proper way to secure the return of such property).  It is undisputed, however, that five of the weapons in question here were given by the St. Louis Police Department to the sheriff's departments of three different Missouri counties.  Under Missouri law, a replevin action must be brought in the county where the property can be found.  Mo. Rev. Stat. § 508.020.  This would require Mr. Lathon to file four separate suits to secure the return of his weapons.  We do not believe this constitutes an "adequate" remedy.

IV.

For the reasons set forth above, we reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.