**In the Interest of J.F. and T.F.**

**W.A.F., (Natural Father), Appellant,**

v.

**Dent County Juvenile Office, Respondent.**

No. 25297.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 9, 2003.

---

Grant Whitlow Smith, Jefferson City, for appellant.

James P. Gray, Salem, for respondent.

JOHN E. PARRISH, Judge.

W.A.F. (father) appeals a judgment terminating his parental rights to J.F. and T.F. The only issue raised in the appeal is whether the trial court erred in conducting the hearing without father being present.

On April 12, 2002, the juvenile officer for the Circuit Court of Dent County, Missouri, filed a petition to terminate parental rights of the parents of J.F. and T.F. The petition asserted as grounds for termination of parental rights that the children had been in foster care for at least 15 of the most recent 22 months; that the children had been under the continuing jurisdiction of the court for a period of one year or longer; and that the conditions that led to the court assuming jurisdiction of the children persisted and conditions of a potentially dangerous nature continued to exist.

The petition alleged there was little likelihood the conditions would be remedied at an early date so that the children could be returned to the parents in the near future; that continuation of the parent-child relationships diminished the children's prospects for early integration in a permanent home. It further alleged the parents failed to comply with social service plans in which they had entered with Missouri Division of Family Services (DFS) and had not made progress in complying with the terms of those plans. It asserted that the efforts of the juvenile officer, DFS, and other agencies to aid the parents on a continuing basis in adjusting the children's circumstances or providing a proper home for the children had failed because the parents had not changed the circumstances that led to the children being placed in foster care. The petition alleged it would be in the best interests of the children for parental rights to be terminated.

Father appeared by counsel at the hearing on the petition. The attorney advised the trial court that father was not personally present; that he was incarcerated at the Ozark Correctional Center at Fordland, Missouri. Father's attorney "object[ed] to the proceedings continuing" on the basis that father was not able to be personally present. The trial court overruled the objection. At the completion of

the case, the trial court entered judgment terminating father's parental rights finding "that the allegations of the Petition [were] sustained by the evidence presented."[1]

Section 491.230.2(1)[2] addresses the attendance of an inmate in a Missouri correctional facility at a termination of parental rights proceeding. It states:

> No person detained in a correctional facility of the department of corrections shall appear and attend or be caused to appear and attend any civil proceeding, regardless of whether he is a party, except when:
>
> (1) The offender is a respondent in a chapter 211 proceeding to terminate parental rights. In such cases the trial judge may only issue a writ of habeas corpus ad testificandum to an offender after the department of corrections has been notified and allowed fifteen days to file a written objection and be granted an opportunity to appear and make an oral presentation in opposition to the offender's appearance on the basis of security considerations and the best interests of the child or children; . . .

■ Father presents one point on appeal. He contends the trial court erred in terminating his parental rights and in overruling his objection to proceeding with the hearing in his absence for the reason "that the court made no finding pursuant to Rule 117.01 that such exclusion was in the best interests of the juvenile."

The parts of Rule 117.01 that relate to the issues father raises in his point on appeal are subparagraphs a, d and e.[3] They state:

> a. Except as provided in this Rule 117.01, the juvenile and the juvenile's custodian[4] shall have the right to be present at all times during any hearing.
>
> . . .
>
> d. Except as otherwise provided by law, in any hearing the court may exclude the juvenile's custodian from any part of the hearing where it appears that exclusion is in the best interests of the juvenile.
>
> e. In determining whether to proceed without the presence of the juvenile or the juvenile's custodian, the court shall consider, among other things, the age and emotional maturity of the juvenile, the relationship between the juvenile and the juvenile's custodian, the nature and probable value of the evidence that may be presented, and whether the juvenile or the juvenile's custodian has expressly requested to be present during the hearing or during the presentation of the evidence.
>
> . . .

Father had the right to be present at the termination of parental rights hearing. Rule 117.01.a. It was up to father, however, to request to be present in the manner prescribed by law. Section 491.230.2(1)

---

1. Parental rights of the children's mother were also terminated. No appeal was taken from that part of the judgment.

2. Statutory references are to RSMo 2000.

3. Subparagraphs b and c relate to hearings under Rules 118 and 119. A termination of parental rights hearing is conducted pursuant to Rule 121. The remaining subparagraphs, f and g, relate to the court's power to exclude unruly or disruptive persons for a proceeding

and voluntary absence of a juvenile to the latter part of a hearing after the juvenile had been present when it commenced. This appeal does not involve any of those circumstances.

4. " '[C]ustodian' includes parent, guardian of the person, and any person having legal or actual custody of a juvenile[.]" Rule 110.05.-a(5).

permits the trial judge in termination of parental rights cases to issue a writ of habeas corpus ad testificandum to secure the presence of an inmate upon the department of corrections being notified and allowed 15 days to object to issuance of such a writ and to appear to make oral presentation in opposition to issuance of such a writ. Implicit in the right of the department of corrections to have 15 days to object to an inmate's wish to be present is a requirement that the inmate initiate a request for a writ in sufficient time for the department of corrections to object to its being granted. Father made no such request.

■ The requirement for a timely petition for a writ of habeas corpus ad testificandum is consistent with the observation in *Haun v. Osterman*, 48 S.W.3d 108, 110 (Mo.App.2001), that "[a] circuit court is not obligated to order, *sua sponte*, an inmate's

appearance at a hearing in a civil case."[5] Father failed to take the requisite steps required for him to be present at the termination of parental rights hearing. Furthermore, father was not "excluded" from the hearing, as his point on appeal suggests. He simply was not personally present although he was represented at the hearing by counsel.

Father's point on appeal is denied. The judgment is affirmed.

SHRUM, J., and RAHMEYER, C.J., concur.

---

**5.** Father's complaint that written findings were not made regarding the issues identified in Rule 117.01.e is moot in that he made no request to be present for the hearing in the manner prescribed by law. Readers of this opinion should not infer that Rule 117.01.e requires written findings. That issue is not addressed.