Charles A. CASTELLI,
Plaintiff–Respondent,

v.

CITY OF BRIDGETON,
Defendant–Appellant.

No. 57698.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 17, 1990.

Robert Schultz, St. Louis, for defendant-appellant.

William R. Dorsey, Clayton, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

The City of Bridgeton appeals from the order of the Circuit Court, County of St. Louis, ordering it to return the firearms seized at the time of respondent's arrest.

On June 18, 1986, the Bridgeton Police Department arrested Castelli for the crime of unlawful use of a weapon. At that time, the Bridgeton Police Department seized from Castelli an M–1 Carbine, a Beretta .22 caliber automatic pistol, and an ammunition clip for the automatic pistol.

On November 20, 1987, Castelli entered a plea, denominated an "Alford" plea of guilty, to the felony charge of unlawful use of a weapon, Section 571.030.4. Castelli received a suspended imposition of sentence and was sentenced to two years probation.

On August 8, 1989, respondent filed his petition for replevin seeking the return of the firearms seized at his arrest. The matter was submitted for decision to the circuit court on stipulated facts. The circuit court, on October 24, 1989, found in favor of the respondent and ordered the return of the firearms. From this judgment the City of Bridgeton appeals. We affirm.

Appellant raises two points on appeal. Appellant's first point states the trial court erred when it entered judgment for respondent ordering the return of the firearms because respondent's petition for replevin was filed after the one year statute of limitations had run.

Our review in this case is governed by Rule 73.01, V.A.M.R., as set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and we are to affirm the decree or judgment of the trial court if it could properly have been reached on any reasonable theory unless there is no substantial evidence to support it, or it erroneously declares or applies the law. We must entertain a firm belief that the judgment is erroneous before we conclude a judgment in a court tried case is against the weight of the evidence. *Commerce Bank of Poplar Bluff v. Bulger,* 614 S.W.2d 768, 769 (Mo.App.1981).

Appellant's contention centers around the interpretation of § 542.301 RSMo Cum. Supp. (1989), particularly its application to the seizure of respondent's firearms.

Appellant states that § 542.301.1 RSMo Cum.Supp. (1989) applies and respondent's claim is barred because it was not made within one year from the date of the seizure. We disagree.

Section 542.301 deals with disposition of unclaimed seized property and forfeiture to the State. *State v. McAllister*, 767 S.W.2d 362, 364 (Mo.App.1989). Subsections .1(1) through (6) deal with "stolen property or property acquired in any other manner declared an offense by chapters 569 and 570 RSMo but not including any of the property referred to in subsection 2 of this section...." The property sought to be recovered by the respondent is property "seized by law enforcement authorities which is owned, legally possessed or claimed by the person arrested" and is therefore excluded from the purview of Subsection .1(1)–(6) of § 542.301.1 RSMo Cum.Supp. (1989). *State v. McAllister*, 767 S.W.2d at 364. In addition, we find no evidence anywhere in the record that the M–1 carbine and Beretta automatic pistol were used in committing any felony. In fact, the seizure of the firearms were incident to respondent's arrest. Therefore, § 542.301.1 is inapplicable because the firearms seized were legally possessed by the respondent and not used in the commission of a crime.

Respondent correctly invoked § 516.120 RSMo (1986) and filed his petition for the "recovery of specific personal property" within the five year period mandated by the statute.

We have reviewed the next point raised by the appellant and find it to be without merit. An extended opinion would have no jurisprudential value. Therefore, the second point is denied pursuant to Rule 84.-16(b).

The judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.