663 So.2d 110 (1995)
Stephen Ross PROCTOR, Plaintiff-Appellant,
v.
P. Charles CALAHAN, Defendant-Appellee.
No. 95-210.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1995.
Stephen Ross Proctor, pro se.
P. Charles Calahan, pro se.
Before KNOLL and SULLIVAN, JJ., and BROUILLETTE[*], J. Pro Tem.
KNOLL, Judge.
Stephen R. Proctor, a state prisoner serving a life sentence for second-degree murder, appeals the trial court's dismissal of his pro se legal malpractice claim because he failed to appear for trial on the merits. He argues on appeal that the trial court abused its discretion in dismissing his lawsuit instead of ordering that he be deposed or, alternatively, that the trial of his legal malpractice claim be held at the Louisiana State Penitentiary.

*111 FACTS
On March 10, 1994, Proctor filed a tort suit for legal malpractice or, alternatively, for breach of contract, against P. Charles Calahan, an attorney, contending that Calahan failed to pursue post-conviction relief. Calahan responded with an exception of prescription and answer to the petition. The trial court denied the peremptory exception and the case proceeded toward trial.
Subsequently, on July 29, 1994, Calahan motioned the court to fix the case for hearing as a bench trial. The trial court set October 14, 1994, as the date for the trial. On August 15, 1994, Proctor filed a motion to traverse the trial date, contending that discovery had not been completed. Ancillary to his motion, Proctor sought a writ of habeas corpus ad prosequendum on September 7, 1994, so that he could be present at the September 30, 1994, hearing on his motion to traverse. The trial court denied Proctor's writ application ex parte, stating that he was not entitled to the relief sought; the record shows that a copy of the trial court's denial of Proctor's request was mailed on September 13 and 15, 1994. Proctor was not present in court when his motion to traverse was heard on September 30. The court minutes reflect that the trial court continued the rule without date, noting that Proctor was not present for the hearing.
On August 31, 1994, Proctor filed a motion for discovery and submitted various interrogatories for Calahan to answer. When Calahan failed to timely answer the interrogatories, Proctor filed a motion to compel discovery on September 28, 1994. Subsequently, on September 30, 1994, pursuant to a motion filed by Proctor, the trial court ordered Calahan to answer the interrogatories within 15 days. In brief, Proctor stated that he received Calahan's answers to discovery on October 12, two days before the scheduled trial date.
The trial court called Proctor's case for trial on October 14, 1994. After waiting for an unspecified time and ascertaining that Proctor had been served with notice of the trial date, Calahan requested that Proctor's lawsuit be dismissed. In response to Calahan's oral motion, the trial court rendered judgment in favor of Calahan, dismissing Proctor's lawsuit without prejudice because of his failure to appear for trial.
After receiving notice of the dismissal of his lawsuit on October 20, 1994, Proctor filed a motion to traverse the judgment and motion to reinstate his lawsuit. The trial court, after issuing written reasons for judgment, denied Proctor's post-verdict motion. In its written reasons, the trial court stated, in pertinent part:
The Court denied the plaintiff's Petition for Writ of Habeas Corpus Ad Prosequendum [to be present at the hearing on the motion to traverse the trial date] and consequently the plaintiff was not present in court on September 30, 1994 for the hearing on the Motion.... As neither the plaintiff nor any counsel for plaintiff was present in court, the Court did not consider the plaintiff's motion.
At no time did the plaintiff filed a Motion to Continue the Trial Date.
On the date of trial, the defendant was present in court but the plaintiff was not in attendance. The plaintiff's wife was in court and explained that her husband informed her he would be in court for trial that day. The Court ascertained through the court record that the plaintiff had been served with notice of the trial date. After waiting for some time, the Court dismissed the plaintiff's suit without prejudice for failure by the plaintiff to appear.
Proctor perfected this appeal.

DISMISSAL OF PROCTOR'S LAWSUIT
Proctor contends on appeal that the trial court abused its discretion in dismissing his lawsuit against Calahan. He argues that the trial court could have ordered him deposed or allowed the trial to be held at the Louisiana State Penitentiary.
La.Code Civ.P. art. 1672(A) provides that a judgment dismissing an action shall be rendered upon the application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the trial court shall determine whether the judgment of dismissal shall be with or without prejudice. It is well settled in the jurisprudence that the *112 trial court's dismissal of a cause of action based upon plaintiff's failure to appear for trial will not be reversed on appeal absent a showing that the trial court abused its discretion. Keyes v. Johnson, 542 So.2d 209 (La. App. 3 Cir.), writ denied, 546 So.2d 1215 (La.1989).
In Taylor v. Broom, 526 So.2d 1367, 1369-70 (La.App. 1 Cir.1988), the First Circuit stated:
A prisoner has a right of access to state and federal civil courts. La. Const. of 1974, art. I, § 22; Pollard v. White, 738 F.2d 1124 (11th Cir.1984). However, this right does not necessarily include the right to be physically present at the trial of a civil suit. Pollard, 738 F.2d at 1125; Jones v. Phelps, 374 So.2d 144 (La.App. 1st Cir.1979). Generally, prisoners who bring civil actions have no right to be personally present in court at any stage of the action. Holt v. Pitts, 619 F.2d 558 (6th Cir.1980). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights among which is the right of a prisoner to plead and manage his action in court personally. Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). A prisoner's right to sue for civil damages does not involve a fundamental constitutional right, and, thus, access to the courts may be restricted if there is a rational basis for the restriction. Cf. Everett v. Goldman, 359 So.2d 1256 (La.1978).
In the case sub judice, we find no abuse in the trial court's discretion. The record shows that Proctor was notified by mail on two occasions that the trial court denied his motion for the issuance of a writ to secure his presence at the hearing on his motion to traverse the trial date; despite having notification of the trial court's action, the record is void of any application by Proctor to seek writs of certiorari from the appellate court on the denial of his motion or that he made any inquiry about the disposition of his motion. He failed to file a motion for continuance of the trial date, after twice being notified of the denial of his earlier writ of habeas corpus ad prosequendum. Furthermore, the record is void of any motion initiated by Proctor seeking the issuance of a writ to secure his presence at the trial court for the trial on the meritsa necessary prerequisite, as recognized in Proctor's brief, to his presence at trial.
Moreover, although La.Code Civ.P. art. 197[1] allows the trial court, in its discretion, to have the inmate appear personally or have the proceeding conducted at the penal institution, Proctor never made such a request in the trial court. Not having found such a request in the record, we cannot say that the trial court abused its discretion in dismissing Proctor's lawsuit without prejudice since he failed to appear at trial.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[*] Judge Harold J. Brouillette of the Twelfth Judicial District Court participated in this opinion as Judge Pro Tempore by appointment from the Louisiana Supreme Court.
[1] La.Code Civ.P. art. 197 provides:

A. "Inmate" means a person confined pursuant to a sentence imposed by a court following the conviction of a crime, or pursuant to the judgment of a juvenile court, in any prison, jail, correctional or training institution operated by the state or any of its political subdivisions.
B. When in any judicial proceeding the testimony of an inmate is required by law to be given in open court or an inmate is a party to a judicial proceeding under circumstances giving him the legal right to be present in open court at any stage of the proceeding, the trial judge, in his discretion, may order that the court be convened and the testimony of the inmate be taken, or the proceedings conducted, at the institution wherein the inmate is confined.