Billie D. HAUN, Appellant Pro Se,

v.

Patty OSTERMAN, Respondent Pro Se.

No. WD 58967.

Missouri Court of Appeals,
Western District.

June 19, 2001.

Billie Haun, Farmington, pro se.

Patty Osterman, Moberly, pro se.

RONALD R. HOLLIGER, Judge.

Billie D. Haun filed a petition in replevin against Patty Osterman in the Circuit Court of Macon County, Missouri, on December 23, 1999. At the time of his filing Haun was incarcerated. The petition requested the return of car stereo property or, in the alternative, damages in the amount of $1,400. Haun believed that because of his incarceration he was prohibited from appearing in court under § 491.230, RSMo. Haun did not appear for trial but the defendant did appear. The judge entered the following judgment: "Plaintiff fails to appear; defendant appears and answers ready; due to plaintiff's failure to carry burden of proof and adduce evidence, judgment is hereby entered in favor of defendant with costs taxed to plaintiff." Haun now appeals.

Section 491.230.2 states in pertinent part:

2. No person detained in a correctional facility of the department of corrections shall appear and attend or be caused to appear and attend any civil proceeding, regardless of whether he is a party, except when:

(1) The offender is a respondent in a chapter 211 proceeding to terminate parental rights. In such cases the trial judge may only issue a writ of habeas corpus ad testificandum to an offender after the department of corrections has been notified and allowed fifteen days to file a written objection and be granted an opportunity to appear and make an oral presentation in opposition to the offender's appearance on the basis of security considerations and the best interests of the child or children; or

(2) The offender is a party to the civil proceeding and the court finds that the offender will be substantially and *irreparably prejudiced* by his failure to attend a trial on the merits in the civil proceed-

ing. In such cases the trial judge may issue a writ of habeas corpus ad testificandum to an offender only after the department of corrections has been notified and allowed fifteen days to file written objections and been granted an opportunity to appear and make an oral presentation in opposition to the offender's appearance on the basis of security considerations.

(emphasis added)

Haun presumably believed he was absolutely barred from appearing in court; Haun filed a waiver of appearance with the court informing the court he would not be able to appear because of his incarceration. On the trial date, Osterman, the defendant, was present and the judge entered a judgment in her favor and assessed Haun court costs. No evidence was heard because of Haun's non-appearance.

Haun appeals the judgment against him, *pro se*, on two points. Both points can be combined. Haun alleges (1) that the trial court abused its discretion by entering a judgment in favor of the defendant, and (2) that this violated his due process right because the circuit court did not order his appearance.

Section 491.230.2 does not impose a blanket prohibition on inmates attending civil cases to which they are a party. Instead, subsection (2) gives a prisoner a right to petition the trial court for an order requesting his appearance. If the judge finds that the inmate will be substantially and *irreparably prejudiced* by his failure to attend a trial on the merits in the civil proceeding, then the judge can order, through a writ of habeas corpus ad testificandum, his presence at the trial.

██  In the case before us, Haun never filed a request for a writ of habeas corpus with the trial court; therefore, the judge never had a chance to decide whether

Haun's absence would substantially and irreparably prejudice him. This court has found in previous cases that an inmate is not denied due process when a trial court holds a hearing without the incarcerated party present when the incarcerated party did not petition the trial court for an order directing his attendance. *State of Wash. ex rel. Lewis v. Collis*, 963 S.W.2d 700, 704–05 (Mo.App.1998).

■ In the case before us, the trial judge did not consider whether Haun was substantially and irreparably prejudiced because no request to compel his appearance was made by Haun. A circuit court is not obligated to order, *sua sponte*, an inmate's appearance at a hearing in a civil case. *State v. Scott*, 933 S.W.2d 884, 887 (Mo.App.1996).

It is apparent from the record before us that no evidence was heard upon which a judgment on the merits of the controversy could have been based. Dismissal for failure to prosecute was, however, warranted. Although an involuntary dismissal for failure to prosecute may be entered with prejudice, Rule 67.03, there is no indication in the record that Haun's failure to appear was contemptuous or had any serious effect on the justice system or the rights and interests of defendant. Pursuant to our authority under Rule 84.14, the judgment below is amended to show that the cause of action is dismissed for failure to prosecute. Pursuant to Rule 67.03 said dismissal is without prejudice.

PAUL M. SPINDEN, Chief Judge, and ROBERT G. ULRICH, Judge, concur.