Gerald ELAM, Appellant Pro Se,

v.

Sheriff Robert DAWSON, Respondent.

No. WD 63564.

Missouri Court of Appeals,
Western District.

March 1, 2005.

Gerald M. Elam, Cameron, pro se.

Robert T. Bickhaus, Macon, respondent.

Before LOWENSTEIN, P.J., SPINDEN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

On September 29, 2003, Gerald Elam filed a *pro se* petition to replevin personal property seized from him pursuant to a search warrant executed on or about June 5, 1997. Items were taken from Elam's home during an ongoing criminal investigation of him for his alleged murder of a grandparent. The search was conducted by the respondent, Sheriff Robert Dawson. Elam's petition sought recovery of throwing hatchets, a shotgun, a rifle, pistols, knives, and ammunition. He alleged that because the trial court presiding over his criminal charges ruled these seized items were "irrelevant" and were not admitted into evidence, they should have been released to either him or his parents. Elam was convicted of the homicide and sentenced to a life term in prison.

In response, Sheriff Dawson filed a motion to dismiss claiming that Elam's claim was barred by the one-year limitation period involving the forfeiture of unclaimed seized property, Section 542.301.1a,[1] and the general five-year statute of limitation for replevin, Section 516.120(4). Using June 5, 1997, as the date of seizure, the trial court sustained Dawson's motion based on both limitation statutes and dismissed the petition with prejudice.

### · STANDARD OF REVIEW

■ On appeal from a motion to dismiss, this courts construes the petition liberally and view all alleged facts as true and in a light most favorable to the petitioner. *Weems v. Montgomery*, 126 S.W.3d 479, 484 (Mo.App.2004). A motion to dismiss based on an affirmative defense may be sustained if the defense is irrefutably shown by the petition. *Lehnig v. Bornhop*, 859 S.W.2d 271, 272 (Mo.App. 1993).

### I.

Elam's petition alleges: (1) prior to June 1997 he was the owner of the items in question; (2) the items were seized in his criminal case; (3) pursuant to his motion *in limine*, a judge ruled these items were irrelevant to the charges; (4) the court again ruled that the items irrelevant to the charges when it ultimately decided during his criminal case in October 2000; (5) from June 3,1997, to October 4, 2000, the defendant continued to wrongly possess and failed to return the items to his parents; and (6) on March 7, 2002, his mother wrote to the sheriff, asking that the items be returned.

■ Elam's first argues that the trial court erred in applying the one-year limitation period provided for in Section 542.301.1(1)(a). This subsection states:

1. Property which comes into the custody of an officer or of a court as the result of any seizure and which has not been forfeited pursuant to any other provisions of law or returned to the claimant shall be disposed of as follows: (1) *Stolen property,* or property acquired in any other manner declared an offense by chapters 569 and 570, RSMo, but not including any of the property referred to in subdivision (2) of this subsection, shall be delivered by order of court upon claim having been made and established, to the person who is entitled to possession:

(a) The claim shall be made by written motion filed with the court with which a motion to suppress has been, or may be, filed. The claim shall be barred if not made within one year from the date of the seizure.

§ 542.301.1(1)(a) (emphasis added).

■ In *Castelli v. City of Bridgeton,* 792 S.W.2d 909, 909 (Mo.App.1990), the police

---

1. All statutory references are to RSMo. (2000) unless otherwise indicated.

arrested Castelli in June 1986, for unlawful use of a weapon and seized several guns. In November 1987, he entered a plea and was sentenced, and in August 1989, filed a petition for replevin for the firearms. *Id.* The trial court refused to dismiss Castelli's petition as being time barred under the one-year period under Section 542.301.1. *Id.* The appeals court affirmed saying that statute did not apply to seized property that was owned and legally possessed or claimed by the person arrested. *Id.* at 910. "[Section] 542.301.1[was] inapplicable because the firearms seized were legally possessed by the respondent and not used in the commission of a crime." *Id.* The court went on to state the applicable remedy for Castelli was, indeed, in replevin for recovery of specific personal property, and that Section 516.120 provided the correct time period for filing. *Id.* Similarly, the trial court here improperly applied Section 542.301 in dismissing the petition because Elam legally possessed the seized items.[2]

## II.

■ Elam next argues that the trial court erred in finding Section 516.120 barred his action. Section 516.120(4) sets a time of five years statute of limitation to file "[a]n action for taking, detaining … any goods or chattels, including actions for the recovery of specific personal property." He contends that under Section 516.100,[3] the time began to run when damages were capable of ascertainment, and that time was when the "property is no longer needed as evidence."

Elam argues that his agents (his parents) were led to believe that they could get back the property when the specified items were no longer needed, and that time occurred when the court ruled on the motion *in limine* that suppressed these items from being introduced. He concludes that the date the damages became ascertainable was the date of trial, October 4, 2000, and, therefore, his petition was not time barred.

Elam's petition for replevin was filed on September 29, 2003. The sole question here is whether the five-year period began on the date of seizure, June 5, 1997, or on the date the trial court in the criminal proceeding determined that the seized items were irrelevant to the crime.

In *Hamdan v. Board of Police Commissioners for the City of St. Louis,* 37 S.W.3d 397, 398 (Mo.App.2001), the respondent seized personal property from an arrestee's bank safe deposit box. The arrestee sued in replevin and conversion to reclaim her loss. *Id.* at 398–99. She asserted that her property should have been returned since it not been involved in "any criminal enterprise," nor was it the "subject of any forfeiture proceeding." *Id.* at 398.

The primary question in *Hamdan* was when the time started to run on the five years in which to file under 516.120. *Id.* at 399. The respondents asserted, as does the sheriff in this case, that the time began to run on the date of seizure. *Id.* The trial court sustained a motion to dismiss based on the statute of limitations. *Id.* On appeal, the court reversed the dismissal, ruling that the time did not begin to run until the damage was sustained and capable of ascertainment, which did not begin until

---

2. Section 542.301 is inapplicable to seized weapons that were legally possessed by the owner and not used in the commission of a crime; rather, a replevin action is the proper way to secure the return of such property. *Lathon v. City of St. Louis,* 242 F.3d 841, 844 (8th Cir.2001).

3. Section 516.100 mandates that statutes of limitation for civil actions, other than those for recovery of real property, begin to run when the cause of action accrues.

"the police indicated the property was no longer needed as evidence." *Id.*

Although Elam also raises a third point on appeal concerning the dismissal of his claim, this court need not address the argument because his first two points are dispositive. The judgment sustaining the motion to dismiss is, therefore, reversed and the case is remanded for trial.

All concur.