GRIFFIS, J.,
for the Court.
¶ 1. Demario Walker commenced this lawsuit against defendants Mary McKenzie, Marilyn Payne, Johnny Glover, Corey Graham, Terry Watts, Charles Howard, and Marion County. Walker’s claims result from incidents that occurred during his imprisonment in the Marion-Walthall Correctional Facility. The circuit judge dismissed the case without prejudice. We affirm in part and reverse and remand in part.
FACTS
¶ 2. Walker is an inmate in the custody of the Mississippi Department of Corrections, where he currently serves the remainder of a ten year sentence. At the time of the incidents complained of, he was housed at the Marion-Walthall Correctional Facility (“MWCF”). McKenzie, Payne, Glover, and Graham were jail employees. Watts and Howard were fellow inmates.
¶ 3. On May 8, 2003, Walker filed a pro se complaint. Walker asserted separate claims against the defendants.
A. Walker alleged that Mary McKenzie was a registered nurse at MWCF. He claimed that McKenzie tried to kill him by an overdose of Dilantin. As a result, Walker claimed that he did not receive adequate medical care.
B. Walker alleged that Marilyn Payne, her position at MWCF was not identified, denied him access to legal materials, denied him access to call an attorney, and displayed racial discrimination against him.
C. Walker alleged that Johnny Glover, his position at MWCF was not identified, stole certain items of Walker’s personal property. Walker also alleged that Glover obstructed justice, denied Walker medical care after a sexual assault, denied him access to an attorney and forced him to answer questions.
*349 D. Walker alleged that inmate Corey Graham committed assault and battery, racial discrimination, and a hate crime against Walker.
E. Walker alleged that inmate Terry Watts committed assault and battery, sexual harassment, and rape against him.
F. Walker alleged that inmate Charles Howard committed assault and battery and a hate crime against Walker.
G. Walker alleged that Marion County failed to provide reasonably safe and sanitary living conditions, to adequately train staff to respond to medical emergencies, and to neutralize physical altercations between inmates.
¶ 4. Walker asked for compensatory damages of $1,000,000 and punitive damages in an amount to be determined by the jury.
¶ 5. The court granted Walker permission to proceed in forma pauperis. Summonses were served on all defendants except for McKenzie and Watts. Walker requested an alias summons on Watts, but none was ever issued. Howard never answered the complaint. Graham filed a pro se answer, and subsequently, Graham, Payne, Glover and Marion County answered through counsel. Walker then filed his motion for default judgment against Payne, Glover, Graham, Howard, and Marion County. Counsel for Graham, Payne, Glover and Marion County filed their response, which alleged that their answer was timely filed. We pause here to observe that, based on the record, a default was proper against Howard but not against the other defendants.
¶ 6. The case was set for trial on July 7, 2003. On July 1, Walker purportedly signed his witness list and requested trial subpoenas to be served on eighteen witnesses.[1] However, Walker did not appear at trial, because he was still incarcerated. On July 9, he signed a motion to reset trial, which was filed on July 18. Walker’s motion stated that he could not appear of his own free will because he was still incarcerated. He requested to be present at trial.
¶ 7. On August 13, Walker moved for appointment of counsel pursuant to 28 U.S.C.1915(d) and 18 U.S.C. 3006A(g). By order dated September 12, the circuit judge denied the motion.
¶ 8. On September 22, the circuit clerk notified Walker and counsel of record that the case was set for trial on October 6, 2003. The next pleading is a notice, dated December 22, where the circuit clerk notified Walker and counsel of record that the case was set for trial on January 6, 2004. Again, the next pleading is a notice, dated March 24, 2004, in which the circuit clerk notified Walker and counsel of record that the case was set for trial on April 6, 2004.
¶ 9. On April 14, 2004, Walker filed a motion to compel a response to his motion for default. Counsel for the defendants responded. The next pleading is a notice, dated June 23, in which the circuit clerk notified Walker and counsel of record that the case was set for trial on July 6, 2004. Yet again, the next pleading is a notice, dated July 7, in which the circuit clerk notified Walker and counsel of record that the case was set for trial on October 12, 2004.
¶ 10. By pleading signed on June 30, 2004 and filed on July 6, Walker filed a sworn pleading that he identified as “Joint Motions to Dismiss Certain Defendants *350 and for Default Judgment.” In the motion, Walker stated:
I.
Plaintiff can not be present at trial to present his case due to incar[e]eration and said Plaintiff feel[s] that these defendants should be dismissed without prejudice until such time [as] he is actively able to pursue [this] case or until [the] statute of limitations [s] runs out.
II.
As for Defendants Terry Watts and Charles Howard they have failed to answer and respond to the complaint [and] failed to defend in said case, requiring default judgment.
Wherefore Plaintiff prays [that the] Court dismiss all Defendants except Terry Watts and Charles Howard [and] grant default judgment as to the two remaining Inmate Defendants.
¶ 11. On October 13, 2004, the circuit court executed an “Order of Dismissal With Prejudice” but struck through the language “with prejudice” that was contained in the order. The order noted that the trial was scheduled for October 12, 2004, Walker failed to appear, and the defendants moved for dismissal. From this order, Walker appeals.
STANDARD OF REVIEW
¶ 12. We review an order of dismissal for failure to prosecute for an abuse of discretion. Miss. Dep’t of Human Servs. v. Guidry, 830 So.2d 628, 632(¶ 13) (Miss.2002).
ANALYSIS
¶ 13. Walker’s appeal presents one issue — Whether the court erred in dismissing the complaint for a failure to prosecute and failure to appear, knowing that the plaintiff was incarcerated and unable to attend the trial without a court order directing his appearance. He argues that his failure to appear at trial was due to no fault of his own, since he was incarcerated. He claims that this fact was obvious to the trial court and counsel. Walker asserts that the circuit judge ignored his motions. Walker’s legal authority is rather interesting. He argues:
[p]ursuant to the 14th Amend[ment] of the U.S. Constitution and [the] 14th Amend[ment] of the Miss. Constitution] this denied the Plaintiff due process of law and access to the Court.... Furthermore the Plaintiff was entitled to notice before the court dismissed his case for a failure to prosecute or appear. Smith-Bey v. Cripe, 852 F.2d at 594.
His brief does not mention or address the fact that he filed a motion to dismiss.
¶ 14. The appellees argue that the court set the case for trial several times, gave due notice to Walker, and he failed to appear and prosecute his claim. Thus, the appellees argue that dismissal was proper. They claim that Walker could have had a representative appear on his behalf, had the case heard telephonically, postponed the trial until his release from incarceration, asked the court for another procedure to have the claims heard, or bring the case in federal court.[2] They argue that the essence of Walker’s claim is that the State must bear the expense of transporting inmates to court whenever they file a claim, regardless of whether it has merit.
*351 ¶ 15. The appellees cite us to four cases from other states. In Brown v. State, 781 N.E.2d 773, 777 (Ind.App.2003), the court dismissed the inmate’s claim that his property was lost due to the actions of a governmental entity because of the inmate’s failure to appear at trial. The court found no requirement that the State transport an inmate who is involved in a civil claim. Id. at 776. The court found no abuse of discretion but remanded the claim to require a dismissal without prejudice. Id. at 777. Here, Walker’s claims were dismissed without prejudice.
¶ 16. In Haun v. Osterman, 48 S.W.3d 108, 109 (Mo.Ct.App.2001), the trial court entered judgment against an incarcerated defendant who did not appear at trial. The court reversed the trial court and concluded that the proper action was to have dismissed the case without prejudice. Id. at 110.
¶ 17. In Bonner v. Williams, No. 14-96-00354-CV, 1 (Tex.Ct.App.1996), the trial court dismissed an inmate’s claim against jail medical personnel, alleging lack of adequate medical care, because the inmate failed to appear at trial. The inmate requested permission that he be allowed to appear at trial. Id. The court upheld the dismissal and concluded that “[t]he mere fact that [the plaintiff] is incarcerated or acting pro se does not accord him special treatment or otherwise excuse him from prosecuting his case with due diligence.” Id. at 2 (citing Brewer v. Taylor, 737 S.W.2d 421, 424 (Tex.Ct.App.1987)).
¶ 18. In Proctor v. Calahan, 663 So.2d 110, 111 (La.Ct.App.1995), the trial court dismissed the case when the incarcerated defendant did not appear at trial. The plaintiff appealed on the ground that the trial court abused its discretion and should have ordered that he be deposed or that the trial be held at the correctional facility. Id. The court held that the fact that the inmate did not seek a continuance was sufficient to dismiss his claim for lack of prosecution. Id. at 112.
¶ 19. We are of the opinion that dismissal without prejudice was proper under the circumstances. Our primary reason is that the circuit court simply granted the relief that Walker himself requested. In his sworn “Joint Motions to Dismiss Certain Defendants and for Default Judgment,” Walker requested the dismissal of all defendants except Terry Watts and Charles Howard. We also agree with our sister states, that there was no abuse of discretion by the trial court dismissing this case for failure to prosecute. For these reasons, we affirm the trial court’s order of dismissal as it relates to defendants Mary McKenzie, Corey Graham, Terry Watts, Johnny Glover, Marylin Payne, and the Marion County Board of Supervisors.
¶ 20. However, the record indicates that defendant Charles Howard was duly served with process, failed to enter an appearance or otherwise defend this action, and Walker properly filed a motion for default judgment as to the claims against Howard. The record does not indicate that Howard, or any person on his behalf, appeared at the scheduled trial and moved the court for dismissal of the claims against him. Accordingly, we are of the opinion that the order of dismissal as it relates to Charles Howard must be reversed and remanded to allow further proceedings against Charles Howard.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
*352 KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. The witness list is signed by Walker and dated July 1. It is not stamped "filed” by the clerk. Instead, it is included in the record with Walker's request for subpoenas for witnesses.

. Appellees' brief informed us Walker brought these claims in federal court, in Walker v. Glover, Civil Action No. 2:02CV632. A final judgment on the jury's verdict was entered against Walker on June 17, 2005. Indeed, Walker has filed sixteen federal lawsuits since his incarceration.