

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

DENNIS L. LARAMORE, ) No. ED108855
)
Appellant, ) Appeal from the Circuit Court
) of Washington County
vs. ) No. 19WA-CC00331
)
ZACHARY JACOBSEN, )
WILLIAM GLEESON, ) Honorable Robin E. Fulton
DOUG TUNING, )
MIKE GUM, and )
ANDY SKILES, ) Filed: November 17, 2020
)
Respondents. )

The plaintiff, Dennis Laramore, appeals *pro se* the judgment entered by the Circuit Court of Washington County dismissing his petition for replevin against the defendants, law enforcement officers Zachary Jacobsen, William Gleeson, Andy Skiles, Doug Tuning, and Mike Gum. The circuit court dismissed Laramore's petition because it determined that the three-year statute of limitations set forth in section 516.130(1) RSMo. (2016)[1] applied, and that the limitations period expired before Laramore filed this action.

The circuit court correctly determined that section 516.130(1) sets forth the applicable statute of limitations. However, the trial court erred in ruling that the three-year statute of

---

[1] All statutory references are to RSMo. (2016).

limitations began to run on the date that law enforcement officers seized the property at issue. Rather, the statute of limitation begins to run when law enforcement or the court determines that the property is no longer needed as evidence. Because we cannot determine from the face of the petition—or indeed from anything in the record—if or when the court or law enforcement determined that the disputed property was no longer needed as evidence, we reverse and remand.

Facts

On January 7, 2015, officers with the Washington County Sheriff's Office and the Potosi Police Department executed a search warrant at an apartment and two storage units in Potosi, Missouri. The defendants are officers who participated in that search. The defendants seized from the plaintiff cash, firearms, ammunition, electronics, tools, coins, toys and figurines, other collectibles, and other items identified in the search warrant and alleged to have been stolen. The plaintiff claims the seized property belongs to him, and his replevin action seeks its return.

The defendants contend in their brief that Laramore was charged and convicted in Washington County with eight counts of unlawful possession of a firearm, and was sentenced to 20 years of imprisonment. They state that this Court denied Laramore relief on direct appeal of his criminal conviction in Washington County, but that appeal of the denial of his motion for post-conviction relief remains pending. The defendants also maintain that Laramore is awaiting trial in Crawford County on charges related to the seized property.

The instant petition is Laramore's third attempt at replevin in this matter. Laramore filed his first petition for replevin on August 14, 2017. The circuit court dismissed that petition without prejudice in March 2018 for failure to appear. Laramore filed his second

petition for replevin on December 26, 2018. The court dismissed the second petition without prejudice in March 2019 for failure to prosecute.

Laramore then filed the current petition for replevin on September 3, 2019. The petition alleges in pertinent part:

> 1. On January 7th, 2015 the defendants served a search warrant to the ad[d]ress of 167 Pinoak Drive Potosi, Missouri 63664.
> 2. Defendants seized property belonging to the plaintiff, plaintiff was the sole owner of the seized property and no one else had any legal interest in the seized property. (See attached list of plaintiff[']s property seized from 167 Pinoak Drive and two storage sheds in Potosi, Missouri.)

The remainder of the allegations in the petition do not relate to the facts of the case, but rather concern access to the courts and Laramore's request to be present for all court proceedings.

The defendants filed their answer, and moved to dismiss the petition on the sole ground that the statute of limitations expired January 7, 2018, three years after the date the property was seized on January 7, 2015. Laramore countered that "all time prior to May 22nd, 2019 must be tolled" because "'[t]ime did not begin to run until the damage was sustained and capable of ascertainment, which did [not] begin until the police indicated the property was no longer needed as evidence[.]'"[2] Relying on section 516.130(1), the circuit court dismissed the petition with prejudice on December 19, 2019 because the petition had been filed more than three years after the seizure of the property on January 7, 2015. The circuit court later filed an amended judgment, simply denoting the original order as a "judgment" and rendering it a final, appealable judgment. Laramore appeals.

---

[2] Laramore's response to the defendants' motion to dismiss quoted *Elam v. Dawson*, 156 S.W.3d 807, 809-10 (Mo. App. W.D. 2005).

Discussion

In two points on appeal, the plaintiff challenges the circuit court's dismissal of his petition for replevin.

*Standard of Review*

We review *de novo* the circuit court's grant of a motion to dismiss. *A.F. v. Hazelwood School Dist.*, 491 S.W.3d 628, 631 (Mo. App. E.D. 2016). We construe the petition liberally, viewing all alleged facts as true and in a light most favorable to the petitioner. *Elam v. Dawson*, 156 S.W.3d 807, 808 (Mo. App. W.D. 2005); *Hamdan v. Bd. of Police Comm'rs*, 37 S.W.3d 397, 399 (Mo. App. E.D. 2001). We review only the grounds for dismissal raised in the motion, and we will affirm if dismissal was appropriate on any ground supported by the motion. *A.F.*, 491 S.W.3d at 631.

A defense that the statute of limitations has expired is an affirmative defense that must be pleaded. Rule 55.08. When the statute of limitations is raised as an affirmative defense, the circuit court may dismiss the petition only if the face of the petition clearly and without exception establishes that the cause of action is time barred. *City of Ellisville v. Lohman*, 972 S.W.2d 527, 530 (Mo. App. E.D. 1998). The circuit court properly grants a motion to dismiss based on an affirmative defense when the petition irrefutably establishes the defense. *Elam*, 156 S.W.3d at 808; *Lohman*, 972 S.W.2d at 530.

*Statute of Limitations*

The circuit court concluded that the three-year statute of limitations in section 516.130(1) expired before the plaintiff filed this action, his third petition for replevin, and that

4

the plaintiff had exhausted his one opportunity to use the savings statute under section 516.230.[3]

The plaintiff's second point is dispositive. The plaintiff claims the circuit court applied the wrong statute of limitations to determine that his action is time barred, and thus erred in dismissing his petition for replevin. The plaintiff contends that the controlling statute is section 516.120(4), rather than section 516.130(1) relied on by the circuit court.

Section 516.120(4) imposes a five-year statute of limitations for "[a]n action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated[.]" However, section 516.130(1) relied on by the circuit court, imposes a three-year statute of limitations in "[a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise[.]" The circuit court ruled that section 516.130(1) applied because the defendants in this case are all law enforcement officers acting in their official capacity.

The first question we must decide is which statute of limitations applies: section 516.120(4), the general replevin statute, or section 516.130(1), the statute providing for actions against officers. When interpreting statutes, courts must seek to ascertain the intent of the legislature from the language of the statute, and if possible, give effect to that intent. *Lohman*, 972 S.W.2d at 534. We determine the legislature's intent by considering the plain

---

[3] Section 516.230 states in relevant part:
> If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit . . . such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered . . . .

and ordinary meaning of the terms in the statute. *Id.* Each word, clause, sentence, and section of a statute should be given meaning whenever possible. *Id.* In addition, when two separate statutes deal with the same subject matter, we must read the two statutes together, harmonize them, and give effect to the provisions of each. *Id*. We apply the provisions of a more specific statute instead of the provisions of a more general one. *Id.*

The plain language of Section 516.120(4) renders it a general statute because it applies to "[a]n action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property." Section 516.130(1) is the more specific statute of the two because it applies to an action against "a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office."

For section 516.130(1) to apply, the defendants must qualify as "other officers." In *State ex rel. School District of Sedalia v. Harter,* the Missouri Supreme Court first addressed the meaning of the phrase "or other officer" in the context of what is now section 516.130(1):

> A public office is defined to be the right, authority and duty created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual who is invested with the authority and is required to perform the duties is a public officer.

87 S.W. 941, 943 (Mo. 1905). All of the defendants here are local law enforcement officers. As such, they perform "some portion of the sovereign functions of the government, to be exercised by [them] for the benefit of the public." *Dilley v. Valentine*, 401 S.W.3d 544, 552 (Mo. App. W.D. 2013). The defendants qualify as "other officers" under section 516.130(1).

Next in determining the application of section 516.130(1), we must decide whether Laramore's claim against the defendants involves "the doing of an act in [their] official capacity."

6

The phrase 'act in an official capacity' means that a public servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic. In its plain and ordinary meaning, the phrase is used to delineate between an action performed for work purposes rather than for personal ones.

*Id*. at 553 (quoting *Kinder v. Mo. Dep't of Corrections,* 43 S.W.3d 369, 373 (Mo. App. W.D. 2001))(internal citations omitted). Here, the petition alleges that the defendants executed a search warrant and seized the property at issue during the ensuing search. Thus, the defendants were doing an act in their official capacity as law enforcement officers when they seized the property.

A fair reading of the petition in its totality will determine the applicable statute of limitations. *Lohman*, 972 S.W.2d at 535. Because the defendants are "officers" within the meaning of section 516.130(1), and Laramore pleaded that the defendants seized his property while doing an act in their official capacity, section 516.130(1)—the more specific statute of limitations—applies to Laramore's replevin action.

Laramore cites *Elam v. Dawson* to support his argument that section 516.120(4) is the correct statute of limitations to apply to his replevin action. However, in considering a return of property seized by police during a homicide investigation, the *Elam* Court did not decide the question of whether the five-year statute of limitations contained in section 516.120(4) or the three-year statute of limitations contained in section 516.130(1) applied. 156 S.W.3d at 808-09. Rather, the Court in *Elam* was asked to determine whether the statute of limitations in section 516.120(4) or that in section 542.301[4] applied. *Id*. The Western District held that the trial court erred in applying the one-year statute of limitations found in section 542.301 because this statute does not apply to the recovery of property legally possessed by the person

---

[4] Section 542.301.1(1) provides for return of stolen property to the person entitled to lawful possession when the property comes into custody of police or a court through seizure.

arrested. *Id*. at 809. The *Elam* Court did not consider section 516.130(1) at all, which applies to police officers in the performance of their job duties.

The second question we must decide is when the statute of limitations began to run under the facts of this case. The circuit court's judgment stated that "[p]etitioner alleges that his property was seized on January 7, 2015. Petitioner would have had to have filed his action by January 7, 2018." The circuit court erred in ruling that the day the property was seized was the day the statute of limitations began to run.

For replevin claims regarding personal property, the statute of limitations does not begin to run until the damage is sustained and is capable of ascertainment. *Hamdan*, 37 S.W.3d at 399. Any damage resulting from law enforcement's seizure and holding of the property is sustained and capable of ascertainment no earlier than the date that the property is no longer needed as evidence. *Id*. Likewise, in *Elam v. Dawson*, the Western District relied on *Hamdan* to hold that the statute of limitations began to run when the trial court in the underlying criminal case determined that the seized items were irrelevant to the crime, not the date the disputed items were seized. 156 S.W.3d at 809-10.

The defendants cite *Williams v. Greene County Sheriff's Department*, 94 S.W.3d 450, 452-53 (Mo. App. S.D. 2003), for the proposition that the statute of limitations expired January 7, 2018, three years after the date law enforcement seized the property. The defendants' reliance on *Williams* is misplaced. The portions of *Williams* the defendants quote in their brief are not the pronouncements of the appellate Court in deciding the issue before it. Rather, they are passages from the trial court's judgment, which the appellate Court in Williams extensively quoted in setting out the procedural background of the case. 94 S.W.3d at 452-53. Indeed, the Southern District declined to consider Williams's argument on appeal

that section 516.120(4), not 516.130(1), was the correct statute of limitations because "[p]laintiff did not argue to the trial court that [section] 516.120 was applicable to his case." *Id*. at 454.

The petition does not conclusively establish that Laramore's replevin claim is time-barred. *Hamdan*, 37 S.W.3d at 399-400. Laramore argued in his response to the defendants' motion to dismiss that May 22nd, 2019 is the date that the damage was sustained and capable of ascertainment, thereby beginning the running of the statute of limitations. In addition, the defendants' brief alludes to a still-pending criminal case against Laramore in Crawford County as well as a pending appeal of post-conviction relief on the Washington County case. Both cases relate to the seized property. The defendants' argument, therefore, actually supports the proposition that the statute of limitations has not yet expired.

The trial court erred in dismissing the petition on the basis that the statute of limitations expired on January 7, 2018, three years after the date that defendants seized the property at issue. The three-year statute of limitations under section 516.130(1) begins to run on the date law enforcement or the court determines that the seized property is no longer needed as evidence. We grant Laramore's second point.

*Appearance for Court Proceedings*

In his first point, Laramore contends that the court erred in placing responsibility on him for issuing a writ of *habeas corpus ad testificandum* that would have allowed him to appear in person for the hearing on the defendants' motion to dismiss. The circuit court observed that Laramore failed to follow the procedural rules for issuance of such a writ, and that in any event, Laramore had not demonstrated that he would be substantially and irreparably prejudiced by an inability to attend.

Although not necessary to determine Laramore's appeal, we wish to briefly clarify for the parties the writ process by which Laramore may appear for court proceedings.[5] An inmate has no constitutional right to be present for the trial of a motion in a civil proceeding, and absent substantial and irreparable prejudice for failure to attend, an inmate has no statutory right to be present for the hearing. *Burton v. Flowers*, 14 S.W.3d 608, 609 (Mo. App. E.D. 1999).[6]

Section 491.230 addresses the attendance at a civil proceeding of a person incarcerated in the Department of Corrections. The statute provides in relevant part that:

> 2. No person detained in a correctional facility of the department of corrections shall appear and attend or be caused to appear and attend any civil proceeding, regardless of whether he is a party, except when:
> (1) The offender is a respondent in a chapter 211 proceeding to terminate parental rights. . . . or
> (2) The offender is a party to the civil proceeding and the court finds that the offender will be substantially and irreparably prejudiced by his failure to attend a trial on the merits in the civil proceeding. In such cases the trial judge may issue a writ of *habeas corpus ad testificandum* to an offender only after the department of corrections has been notified and allowed fifteen days to file written objections and been granted an opportunity to appear and make an oral presentation in opposition to the offender's appearance on the basis of security considerations.

Section 491.250 sets forth the information that the petition for such a writ shall include.[7]

Section 491.230.2 does not impose a blanket prohibition on an inmate attending civil proceedings to which the inmate is a party. *Haun v. Osterman*, 48 S.W.3d 108, 109 (Mo. App.

---

[5] Laramore argues that the court placed the burden on him to issue a writ of *habeas corpus ad testificandum*. It appears that Laramore misunderstands this portion of the circuit court's judgment. Perhaps the casual lack of distinction between a *petition* for a writ, which is filed by the inmate, and the writ itself, which is issued by the court, may have contributed to the confusion.

[6] It is axiomatic that an inmate would suffer substantial and irreparable prejudice if the trial court denies him the opportunity to appear, either in person or via other means, and then dismisses his case for failure to appear.

[7] Section 491.250 states:
> An application for such writ shall be verified by affidavit, and shall state the title and nature of the proceeding in which the testimony of the prisoner is desired, the court or officer before whom pending, and that the testimony of such prisoner is material and necessary to the applicant on the trial or hearing of such suit or proceeding, as he is advised by counsel, and verily believes.

W.D. 2001). Instead, subsection (2) gives an inmate the right to petition the trial court for an order requesting his appearance. *Id*. If the judge finds that the inmate will be substantially and *irreparably prejudiced* by a failure to attend a trial on the merits in the civil proceeding, then the judge may order, through a writ of *habeas corpus ad testificandum*, the inmate's presence at the trial. *Id*. (emphasis in original). The circuit court is not obligated to order, on its own motion, that an inmate appear at a hearing in a civil case. *Id*. at 110.

The inmate is responsible for petitioning the trial court for a writ of *habeas corpus ad testificandum*, and for notifying the Department of Corrections of his request when he petitions for such a writ.[8] *See Meadows v. Meadows*, 330 S.W.3d 798, 803 (Mo. App. S.D. 2011) (stating record was not clear "whether in keeping with the statutory requirement of section 491.230.2(2) [appellant] provided notice to the Department of Corrections of his request"). Section 491.230.2(2) allows the Department of Corrections 15 days to file written objections and an opportunity to appear and oppose the inmate's appearance based on security considerations.

The grant of a writ of *habeas corpus ad testificandum* for an inmate to appear in a civil proceeding lies within the discretion of the trial court, which should require strict proof of the materiality of the testimony and the necessity of the attendance of the inmate as a witness, balanced against the State's interest in economy, convenience, and security. *Id*. If granted, the trial court is responsible for issuing the writ.

---

[8] We acknowledge that Laramore in his petition requested that the circuit court issue a writ of *habeas corpus ad testificandum* so that he "may be present at all proceedings in this cause." We also acknowledge that, in conjunction with his petition for replevin, Laramore filed a writ petition requesting generally that the court issue a writ for his presence and containing a blank for the court to fill in the date. Nothing in the record indicates that Laramore petitioned for a writ for a particular testimonial hearing on a specific date; that he notified the Department of Corrections of his request; or that the writ petition met all of the requirements of section 491.250, including a statement covering the materiality and necessity of Laramore's testimony for the particular hearing in question.

11

Conclusion

The circuit court correctly determined that the statute of limitations applicable to Laramore's replevin action is the three-year statute of limitations contained in section 516.130(1) for actions against a sheriff, coroner, or other officer upon a liability incurred by the doing of an act in his official capacity and in virtue of his office.

However, the circuit court erred in determining that the statute of limitations began to run on the date the property was seized, and so expired on January 7, 2018. Rather, the statute of limitations begins to run only when the damage is sustained and capable of ascertainment. In the context of the seizure of property by law enforcement, this occurs no earlier than the date that the property is no longer needed as evidence.

Because the petition does not conclusively establish that Laramore's replevin claim is time-barred, we reverse the dismissal of Laramore's replevin action, and remand the matter for further proceedings consistent with this opinion.[9]

_____
Angela T. Quigless, P.J.

Kurt S. Odenwald, J., and
James M. Dowd, J., concur.

---

[9] We express no opinion on the merits of Laramore's claim for replevin.

12