**Ruth AMOS, Petitioner/Respondent,**

v.

**ESTATE OF Kenneth AMOS,
Respondent/Respondent,**

and

**Department of Social Services, Family
Support Division, State of Missouri,
Intervenor/Appellant.**

No. ED 90967.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 9, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 21, 2008.

Application for Transfer Denied
Nov. 25, 2008.

Paul Michael Harper, Michael Shayne Kisling, Jefferson City, MO, for appellant.

Sherry A. Snyder, Audrey Melissia Black Riddle, co-counsel, Chesterfield, MO, for respondent.

BOOKER T. SHAW, Presiding Judge.

The State of Missouri, Department of Social Services, Family Support Division (Division) appeals an order by the probate division of the circuit court denying the State's motion to set aside the court's judgment establishing Medicaid benefits for Respondent Ruth Amos. The State asserts three points of error. Its first and second points allege that the court lacked subject matter jurisdiction because the Division has primary authority to determine Medicaid eligibility and benefits. In its third point, the State contends that the circuit court erred by substantively revising its original judgment in a subsequent *nunc pro tunc* order.

The State's first point is correct and dispositive. The circuit court's judgment is reversed, and the cause is remanded for dismissal.

**Facts and Procedural History**

Kenneth and Ruth Amos were married in 1953. Kenneth was diagnosed with Alzheimer's dementia in January 2004 and institutionalized July 30, 2007. On July 31, Ruth filed in the probate division of the circuit court a petition for spousal support against an institutionalized spouse under the Medicare Catastrophic Coverage Act.[1] The Act establishes a formula for calculating a couple's assets in a manner that prevents the impoverishment of the non-institutionalized spouse and separates her income for purposes of determining the institutionalized spouse's eligibility for Medicaid benefits.

At a hearing August 22, 2007, the circuit court granted the State's motion to intervene, denied its motion to dismiss for lack of jurisdiction, and heard evidence regarding the Amoses' finances. On August 24, the court entered its judgment purporting to transfer 100% of the couple's assets to Ruth, thereby awarding Ruth the maximum Community Spouse Resource Allowance allowed under the Act.[2] On August 27, Ruth filed for Medicaid benefits on Kenneth's behalf, relying on the court's order for purposes of his eligibility and allowance calculation. The Division denied benefits and disclaimed any obligation, asserting that the court lacked jurisdiction to bind the agency. Concurrently, the State moved the court for relief from judgment on the same grounds. Ruth appealed the Division's decision within the agency, and the matter remains pending. The circuit

---

1. 42 U.S.C. § 1396r–5.

2. The Act refers to the non-institutionalized spouse as the "community spouse," *i.e.,* the spouse who remains in the community.

court denied the State's motion for relief, and this appeal followed.[3]

## Discussion

### Appellate Jurisdiction

■ "Because our jurisdiction is predicated on that of the trial court, if the trial court lacked jurisdiction over this action," as the State contends, "then any judgment entered thereon would be void, depriving us of jurisdiction except to reverse the judgment and remand the cause for dismissal by the trial court." *Government e-Management Solutions, Inc. v. American Arbitration Ass'n, Inc.,* 142 S.W.3d 857, 860 (Mo.App. E.D.2004).

### Standard of Review

■ We review a trial court's ruling on a motion to set aside a judgment for abuse of discretion but afford no deference on questions of law. *Elam v. Dawson,* 216 S.W.3d 251, 253 (Mo.App. W.D.2007). The parties present a case of first impression involving the interpretation of the Medicaid statutes as codified in Missouri under section 208.010 *et seq.* Therefore, our review is *de novo.*

### Point I—Circuit Court Jurisdiction to Award Medicaid Benefits

■ The State challenges the circuit court's jurisdiction to establish Ruth's spousal allowance under the Act in the absence of the Division's initial eligibility determination, arguing that the Division has primary jurisdiction and an applicant must first exhaust administrative remedies before availing herself of the courts.

■ Section 208.010.6 clearly empowers and mandates the Division to im-plement the Act. To initiate the process for obtaining benefits, a spouse may request an assessment of resources by the Division in order to determine eligibility. The statute then sets forth the manner of calculation consistent with the Act, with additional guidance contained in the corresponding regulation.[4] Section 208.080 establishes a right and procedure of administrative appeal from the Division's decision. Section 208.100 creates a right and procedure of judicial review. "Under the doctrine of primary jurisdiction, a court is restrained from deciding a question within the jurisdiction of an administrative tribunal until that tribunal has rendered its decision." *Oberreiter v. Fullbright Trucking Co.,* 117 S.W.3d 710, 717 (Mo.App. E.D.2003). A party's failure to exhaust administrative remedies strips the court of subject matter jurisdiction. *See Green v. City of St. Louis,* 870 S.W.2d 794, 796 (Mo.1994). Here, Ruth failed to properly initiate the process by first requesting an assessment by the Division. Instead, she applied directly to the circuit court as a first resort. As such, Ruth failed to exhaust her administrative remedies. And by entertaining her petition, the circuit court preemptively decided a question squarely within the Division's primary jurisdiction.

Mrs. Amos asserts that a court's authority to allocate a couple's resources can be inferred from the Act's definition of the Community Spouse Resource Allowance. Specifically, the Act calculates the allowance using in part the greatest of four alternatives, one of which is "the amount transferred under a court order under paragraph (3)," referring to an order against an institutionalized person for the support of a spouse or a family member.[5] Amos contends that the foregoing lan-

---

**3.** Kenneth died December 19, 2007, and his estate was substituted as a party.

**4.** 13 C.S.R. § 40–2.030.

**5.** 42 U.S.C. § 1396r–5(f)(2)(A)(iv).

guage creates a separate judicial remedy that an individual may elect to pursue in lieu of administrative recourse. We are not persuaded that Congress or the General Assembly intended to invite forum shopping on issues relating to a complex federal statute. Multiple considerations support the Division's primary jurisdiction. The application of Medicaid regulations demands administrative expertise.[6] A single state agency must oversee the program.[7] Uniformity of result is critical. None of these objectives is furthered by conferring parallel jurisdiction on a probate court, and the Act's mere reference to an "amount transferred under a court order," without further explanation, is insufficient to do so. Given the potential implications, certainly our capable lawmakers would have expressed such intent in unmistakable terms.

Mrs. Amos failed to avail herself of administrative remedies, let alone exhaust them, before seeking judicial intervention. As such, the circuit court lacked jurisdiction to consider her petition. *See Arkansas Dept. of Health and Human Services v. Smith,* 370 Ark. 490, 262 S.W.3d 167 (2007). Point granted.

### Conclusion

The judgment of the trial court is reversed and the cause is remanded for dismissal.

KATHIANNE KNAUP CRANE and MARY K. HOFF, JJ., concur.

---

**6.** The Medicaid statute has been called "an aggravated assault on the English language, resistant to attempts to understand it." *Schweiker v. Gray Panthers,* 453 U.S. 34, 43, n. 14, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981).

**7.** Congress has declared that the determination of eligibility for medical assistance under the plan "shall be made by the State or local agency administering the State plan." 42 U.S.C. § 1396a(a)(5).