Alice **VAUGHN**, Respondent,

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, Family Support Division, Appellant.**

No. ED 94196.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 31, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 7, 2010.

Application for Transfer Denied
Nov. 16, 2010.

Laura Elbury, Jefferson City, MO, for appellant.

Christopher Barton, Columbia, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

The Missouri Department of Social Services, Family Support Division ("the Division") appeals from the judgment of the Circuit Court of Monroe County reversing the denial of benefits to Alice Vaughn ("Vaughn") by the Director of the Division ("the Director"). As the party aggrieved by the Director's decision, Vaughn filed the appellant's brief claiming that the Director erred in denying her application for benefits. Mo. Sup.Ct. R. 84.05(e) (2010). In her sole point on appeal, Vaughn contends the Director erroneously characterized Vaughn's farmland as a resource in determining her eligibility for benefits.

### Factual and Procedural Background

On July 16, 2008, Vaughn, through her attorney-in-fact, applied for MO HealthNet

nursing home assistance to apply retroactively beginning on April 1, 2008, by submitting a "Medicaid Application/Eligibility Statement" to the Division. On the application, Vaughn stated that her checking account had a balance of less than $1000 and that she owned farmland with a value of $345,000. Vaughn also stated the she operated a farming business and that farming on the land produced $13,500 in income the previous year. Nancy Bierly ("Bierly"), an Eligibility Specialist for the Division, evaluated Vaughn's application. Bierly determined that the farmland had a value of $59,391 based on an appraisal by the county assessor's office. On July 17, 2008, Bierly rejected Vaughn's claim on the basis that she had resources in excess of $999.99.

Vaughn timely applied for a hearing on the denial of her application, and a hearing officer conducted a telephone hearing on September 24, 2008. Bierly testified that due to the value of Vaughn's farmland, she was ineligible for MO HealthNet benefits. Bierly explained that the farmland is "a resource as our policy manual specifically states to consider as an available resource property not used direct[ly] by the Claimant in the course of Claimant's business or employment and that we are not to consider owning or managing rental property as a business or employment for this purpose." Bierly also testified that Vaughn "moved from the farm to her home in Paris and into senior housing in June 2003...."

At the hearing, Vaughn did not testify, but her counsel argued that since Vaughn used the farmland to grow and harvest crops, the Division should not consider the farmland a resource in determining Vaughn's eligibility. Vaughn's counsel conceded that Vaughn did not physically engage in farming activities herself but instead hired workers to farm the land.

Counsel argued that it was sufficient that the farmland itself was used directly in the farming business from which Vaughn profited.

The Director issued a decision and order on November 13, 2008, affirming the Division's rejection of Vaughn's application. The Director determined that under the applicable regulation, the farmland was a resource because Vaughn did not directly use the property in a trade or business. The Director then concluded that Vaughn's resources were in excess of $1000 and thus, she was ineligible for MO HealthNet benefits.

Vaughn filed an application for judicial review of the Director's denial of benefits with the circuit court, and the parties filed briefs with the court. Without oral argument, the circuit court reversed the Director's decision on the basis that it was "legally erroneous" and granted Vaughn's application for benefits. This appeal follows.

### Standard of Review

Where the circuit court reverses the decision of an administrative agency, we review the agency's decision rather than the judgment of the circuit court. *Reed v. Mo. Dep't of Soc. Servs., Family Support Div.*, 193 S.W.3d 839, 841 (Mo. App. E.D.2006). The party aggrieved by the agency's decision bears the burden of persuasion to demonstrate that the decision is erroneous. *Patrick v. City of Jennings*, 295 S.W.3d 921, 927 (Mo.App. E.D. 2009). We review the whole record to determine if the agency's decision is: 1) in violation of constitutional provisions; 2) in excess of the statutory authority or jurisdiction of the agency; 3) unsupported by competent and substantial evidence upon the whole record; 4) unauthorized by law; 5) made upon unlawful procedure or without a fair trial; 6) arbitrary, capricious or

unreasonable; or 7) an abuse of discretion. Section 208.110 [1]; Section 536.140.2; *Patrick*, 295 S.W.3d at 927. We defer to the agency's factual findings, but we review the decision de novo where the agency based its decision upon an interpretation, application or conclusion of law. *Miller v. Dunn*, 184 S.W.3d 122, 124–25 (Mo.App. E.D.2006).

### *Discussion*

In her sole point on appeal, Vaughn claims the Director erred in denying her application for MO HealthNet benefits because the Director misapplied the law in concluding that her farmland was a resource. Specifically, Vaughn argues that the Director should not consider her farmland a resource in determining her eligibility for benefits because she uses the real property directly in her farming business. This issue is a question of law which we review de novo. *See McKenzie v. State Dep't of Soc. Servs., Div. of Family Servs.*, 983 S.W.2d 196, 198 (Mo.App. E.D.1998).

Medicaid is a "cooperative program under which the federal government reimburses state governments for a portion of the costs of providing medical assistance to low income recipients." *In re Estate of Shuh*, 248 S.W.3d 82, 84 (Mo.App. E.D.2008). " 'Each participating State develops a plan containing reasonable standards ... for determining eligibility for and the extent of medical assistance' within boundaries set by the Medicaid statute and the Secretary of Health and Human Services." *Wis. Dep't of Health & Family Servs. v. Blumer*, 534 U.S. 473, 479, 122 S.Ct. 962, 151 L.Ed.2d 935 (2002) (*quoting Schweiker v. Gray Panthers*, 453 U.S. 34, 36–37, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981)). State programs and eligibility standards must conform to federal statutory and regulatory requirements. *Bechtel ex rel. Bechtel v. State Dep't of Soc. Servs., Family Support Div.*, 274 S.W.3d 464, 467 (Mo. banc 2009).

Missouri has elected to participate in Medicaid through a program called "MO HealthNet." Section 208.151.1(7) RSMo. (Supp.2007); *Estate of Shuh*, 248 S.W.3d at 84. MO HealthNet provides Medicaid benefits to eligible claimants for nursing home assistance. Section 208.151.1. The Division is responsible for determining a claimant's eligibility for these benefits. Section 208.010.1 RSMo. (Supp.2007). To aid the exercise of its statutory authority, the Division has also promulgated regulations. Section 207.020.1(5).

When evaluating a claimant's eligibility, the Division must "consider and take into account all facts and circumstances surrounding the claimant...." Section 208.010.1. An individual claimant is ineligible for benefits, *inter alia*, if he or she "owns or possesses resources in the sum of one thousand dollars or more...." Section 208.010.2(4). However, the Division does not consider all of the claimant's assets as resources in determining a claimant's eligibility for benefits. *See* 13 C.S.R. § 40–2.030.[2] For real property in which the claimant has lived, the Division will not consider the property as a resource if less than "[t]wenty-four (24) months have elapsed since the last date on which either the claimant or spouse have occupied the dwelling...." 13 C.S.R. § 40–2.030(8)(A)(1). The Division also does not include real property as a resource if it is "being used directly by the claimant in the course of his/her business or employment" and is "producing an annual return consistent with its fair market value." 13 C.S.R. § 40–2.030(8)(B).

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

2. All regulatory references are to the Missouri Code of State Regulations (2007), unless otherwise indicated.

In its decision, the Director concluded that Vaughn's use of the property for her farming business was insufficient under Section 40–2.030(8)(B). The Director found that Vaughn "is not directly involved in farming, but receives the income from the farm." The Director concluded that Vaughn's use was insufficient because Vaughn "does not regulate the activities or course of the farm;" "is [not] in immediate contact with the business of farming;" and does not "command[ ], instruct[ ], guide[ ], advise[ ], suggest[ ], or assume[ ] the role of director without anything intervening."

■ On appeal, Vaughn contends that the Director misapplied the regulation because she uses the farmland directly in her farming business. When interpreting regulations, we use the same rules of construction as when interpreting statutes. *State ex rel. Evans v. Brown Builders Elec. Co., Inc.*, 254 S.W.3d 31, 35 (Mo. banc 2008). In determining the intent and meaning of a regulation, we give the words in the regulation their plain and ordinary meaning as determined by a dictionary. *Id.*; *Collins v. Dep't of Soc. Servs., Family Support Div.*, 141 S.W.3d 501, 505 (Mo. App. S.D.2004). In so doing, we will not "construe a statute or regulation to produce unreasonable, oppressive, or absurd results." *Daly v. State Tax Comm'n*, 120 S.W.3d 262, 267 (Mo.App. E.D.2003) (emphasis omitted).

Vaughn's use of the farmland is sufficient under the plain and ordinary meaning of Section 40–2.030(8)(B). The regulation provides that real property counts as a resource if it is "not being used directly by the claimant in the course of his/her business or employment." 13 C.S.R. § 40–2.030(8)(B). By its plain language, the regulation does not require that Vaughn serve as the director of the farm or physically use the land. Black's Law Dictionary defines the term "directly" as "in a straightforward manner." BLACK'S LAW DICTIONARY 527 (9th ed.2009). Though Vaughn does not personally work on the land, Vaughn's farming business plants and harvests crops on the farmland from which Vaughn profits. Consistent with the regulation's requirement, Vaughn is using the land "in a straightforward manner" in her farming business.

Section 40–2.030(8)(B) also requires that the real property produces an annual return consistent with its fair market value. Vaughn's application stated that she earned $13,500 in farm income from the farmland, which was worth $345,000. The Division valued the property at $59,391 based on an assessment by the county assessor's office. These values would result in an annual return on the farmland of either 3.9% or over 22%. The Director did not find this annual return to be insufficient, and the Division did not challenge the sufficiency of the return at the agency hearing or on appeal.

Because Vaughn's farmland satisfied the requirements of Section 40–2.030(8)(B), the Director should not have included it when determining her eligibility for benefits. At the time of her application, Vaughn had less than $1000 in resources after the exclusion of her farmland, and the Director erred in denying her application for benefits.

■ In its brief, the Division advances two arguments beyond Section 40–2.030(8)(B) to support its rejection of Vaughn's application. The Division first argues that Section 40–2.030(8)(A) is dispositive of Vaughn's claims and if it applies, then the farmland cannot be exempt under Section 40–2030(8)(B). Section 40–2.030(8)(A) provides for a homestead exemption for real property in which the claimant has lived as long as the claimant lived on the real property within the twenty-four months preceding the application. The Director's decision did not apply this

section of the regulation, but the Division correctly notes that our primary concern on appeal is the correctness of the result rather than the route taken to reach it. *Braddock v. Mo. Dep't of Mental Health,* 200 S.W.3d 78, 80 (Mo.App. W.D.2006). However, the Director did not make any finding that would allow us to apply Section 40–2.030(8)(A) rather than Section 40–2.030(8)(B). While it is true that there was evidence at the hearing suggesting that Vaughn had lived on the farmland, the Director's decision did not make any such finding or even mention this evidence. Without such a finding, we cannot apply Section 40–2.030(8)(A) as the Division urges, and we need not address whether the sections are mutually exclusive.

The Division next claims that even if Vaughn's use of the property was sufficient under Section 40–2.030(8)(B), only $6000 of the farmland's value should be excluded from the eligibility calculation. Missouri does not have a statute or state regulation imposing a maximum exemption on property used in a business. The Division bases this argument on federal law and specifically cites 20 C.F.R. § 416.1222 (2008), which purports to place a $6000 cap on the federal exemption for real property used in a trade or business. However, the Division fails to recognize that long before Vaughn's application, Congress amended the applicable federal statute, 42 U.S.C. § 1382b(a)(3), to provide that "the Commissioner of Social Security shall not establish a limitation on property ... that is used in a trade or business...." Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101–239, 103 Stat. 2106, 2465 (1989). Given the lack of Missouri law imposing a cap and the statutory amendment, we must reject the Division's argument that a $6000 cap applies to Vaughn's farmland.[3] Point denied.

### Conclusion

The circuit court's judgment is affirmed.

KURT S. ODENWALD, P.J., and ROBERT G. DOWD, JR., J., Concur.

---

3. At oral argument, the Division also argued that Missouri's status as a "Section 209(b) state" supports its argument that 20 C.F.R. § 416.1222 imposes a $6000 cap on Vaughn's property exemption. This contention is without merit. Section 209(b) status signifies that pursuant to 42 U.S.C. § 1396a(f), a state has elected to provide Medicaid benefits only to claimants who "would have been eligible under the State's Medicaid plan in effect on January 1, 1972, as opposed to using the more liberal eligibility standards under [Supplemental Security Income]." *Gee v. Dep't of Soc. Servs., Family Support Div.,* 207 S.W.3d 715, 720 (Mo.App. W.D.2006). However, the Division has cited no Missouri regulation imposing a cap on this exemption at any time, and the federal regulation, 20 C.F.R. § 416.1222, did not even exist until after 1972. *See* Income and Resources, 40 Fed. Reg. 48,915 (Oct. 20, 1975).