

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| ANNA DANNA, | ) | |
| | ) | |
| Appellant, | ) | WD77213 |
| | ) | |
| vs. | ) | Opinion filed:  December 2, 2014 |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| SOCIAL SERVICES, FAMILY | ) | |
| SUPPORT DIVISION, | ) | |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE ROBERT M. SCHIEBER, JUDGE**

Before Division Two:  Joseph M. Ellis, Presiding Judge,
Victor C. Howard, Judge and Mark D. Pfeiffer, Judge

Anna Danna (Claimant) appeals from the judgment of the circuit court reversing the denial of nursing home benefits by the Director of the Missouri Department of Social Services, Family Support Division (Division) and ordering the Division to approve her application for benefits as of the date the State of Missouri was named as a primary beneficiary of an annuity policy, which named Claimant and her husband as annuitants.  Although the circuit court reversed the Director's decision, Claimant challenges the date when her benefits were to commence.  As the party aggrieved by the Director's decision, Claimant filed an appellant's brief claiming that the Director erred in denying her application for benefits.  Rule 84.05(e).  In her

sole point on appeal, Claimant contends that the Division erred in rejecting her application for benefits, and the Director erred in affirming the rejection, because the Division acted in an arbitrary, capricious, and unreasonable manner in not giving her prior notice or the opportunity to change the beneficiary of the annuity. The circuit court's judgment is affirmed.

**Factual and Procedural Background**

Claimant moved into a nursing home on June 28, 2012, and on August 2, 2012, she applied for MO HealthNet nursing home assistance. On January 8, 2013, the Missouri Department of Social Services, Family Support Division rejected Claimant's application because "countable resources exceeded the limits" for the program. Claimant appealed to the Director of the Division pursuant to section 208.080, RSMo Cum. Supp. 2013, and a hearing officer conducted a telephone hearing on April 5, 2013.

At the hearing, the Eligibility Specialist for the Division, who evaluated Claimant's application, presented evidence that Claimant's husband, Mitchell Danna, owned an annuity issued by Massachusetts Mutual Life Insurance Company, which named himself and Claimant as annuitants. When Claimant moved into the nursing home in June 2012, the annuity policy had a value of $31,204.68. At that time, the claimant and her husband owned jointly or separately non-exempt resources, including the annuity policy, totaling $54,662.63. The spousal share was $27,331.31, half the amount of total resources. In August 2012, when Claimant applied for benefits, the annuity policy had a value of $30,004.50. At that time, Claimant and her husband owned jointly or separately non-exempt resources, including the annuity policy, totaling $45,904.24. Claimant's share of the couple's non-exempt resources at that time was $18,572.93, after subtraction of the $27,331.31 spousal share.

2

During her investigation of Claimant's eligibility, the Eligibility Specialist sent a written request for interpretation of the annuity policy to the Income Maintenance Program and Policy Department of the Division in November 2012. The Eligibility Specialist received a response that the annuity was actuarially sound and provided for equal payments for the rest of the annuitants lives but that the State of Missouri was not named as the contingent beneficiary upon the death of both spouses. The response concluded that in its current form, the income stream of the annuity was a countable resource. It further provided, "[I]f the Dannas were to add the state of Missouri as the primary beneficiary using the correct statutory language, the income stream would not be a countable resource."

Claimant did not present any evidence at the hearing but requested the hearing record be kept open for a period of time, which the hearing officer granted. On May 6, 2013, Claimant sent the hearing officer a letter and several exhibits. One of the exhibits contained evidence that as of April 2013, the State of Missouri was named as primary beneficiary of the annuity.

The Director of the Division issued a decision and order on May 21, 2013, affirming the Division's rejection of Claimant's application. It determined that at the time Claimant moved into the nursing home and during the time when her application for benefits was pending, the annuity did not name the State of Missouri as primary beneficiary. Accordingly, the remaining guaranteed payments due under the annuity were an available resource. Because Claimant's available resources exceeded the $1000 maximum, she was ineligible for MO HealthNet benefits. The Director also noted that since the Division's rejection of Claimant's application, the State of Missouri appeared to have been named as primary beneficiary of the annuity so that it may have become an exempt resource. It concluded that if so, Claimant likely would have

3

become eligible for benefits as of the month when the State of Missouri was named as beneficiary of the annuity.

Claimant filed an application for judicial review of the Director's decision with the circuit court. The circuit court entered a judgment reversing the Director's decision and ordering the Division to approve Claimant's application as of the date the State of Missouri was named as a primary beneficiary of the annuity policy.[1] This appeal by Claimant followed.

### Standard of Review

When the circuit court reverses the decision of an administrative agency, the appellate court reviews the agency's decision rather than the judgment of the circuit court. *Vaughn v. Mo. Dep't of Soc. Servs.*, 323 S.W.3d 44, 46 (Mo. App. E.D. 2010). "The party aggrieved by the agency's decision bears the burden of persuasion to demonstrate that the decision is erroneous." *Id.* The whole record is reviewed to determine if the agency's decision is: (1) in violation of constitutional provisions; (2) in excess of the statutory authority or jurisdiction of the agency; (3) unsupported by competent and substantial evidence upon the whole record; (4) unauthorized by law for any other reason; (5) made upon unlawful procedure or without a fair trial; (6) arbitrary, capricious, unreasonable; or (7) involves an abuse of discretion. § 536.140.2; *Vaughn*, 323 S.W.3d at 46-7. Substantial evidence is competent evidence that, if believed, has probative force upon the issues. *Missouri Real Estate Appraisers Comm'n v. Funk*, 306 S.W.3d 101, 106 (Mo. App. W.D. 2010). "An administrative agency acts unreasonably and arbitrarily if its decision is not based on substantial evidence." *Bd. of Educ. of City of St. Louis v. Mo. State Bd. of Educ.*, 271 S.W.3d 1, 11 (Mo. banc 2008)(internal quotes and citation omitted). An agency action is

---

[1] In her motion to amend judgment or alternatively for a new trial, Claimant stated that she reapplied for benefits the same day the Director issued its decision and that the Division approved that application with an eligibility date of February 1, 2013.

4

capricious if it is whimsical, impulsive, or unpredictable. *Id.* "To meet basic standards of due process and to avoid being arbitrary, unreasonable, or capricious, an agency's decision must be made using some kind of objective data rather than mere surmise, guesswork, or gut feeling." *Id.* (internal quotes and citation omitted). The appellate court defers to the agency's factual findings, but where the agency's decision is based upon an interpretation, application, or conclusion of law, the decision is reviewed *de novo*. *Vaughn*, 323 S.W.3d at 47.

**Point on Appeal**

In her sole point on appeal, Claimant contends that the Division erred in rejecting her application for benefits, and the Director erred in affirming the rejection, because the Division acted in an arbitrary, capricious, and unreasonable manner in not giving her prior notice or the opportunity to change the beneficiary of an annuity before rejecting her application.

"Medicaid is a 'cooperative program under which the federal government reimburses state governments for a portion of the costs of providing medical assistance to low income recipients.'" *Vaughn*, 323 S.W.3d at 47 (quoting *In re Estate of Shuh*, 248 S.W.3d 82, 84 (Mo. App. E.D. 2008)). Missouri participates in Medicaid through a program called MO HealthNet. § 208.151.1(7), RSMo Cum. Supp. 2013; *Vaughn*, 323 S.W.3d at 47. "MO HealthNet provides Medicaid benefits to eligible claimants for nursing home assistance." *Vaughn*, 323 S.W.3d at 47 (citing § 208.151.1). The Division determines a claimant's eligibility for these benefits. § 208.010.1, RSMo Cum. Supp. 2013; *Vaughn*, 323 S.W.3d at 47. "To aid the exercise of its statutory authority, the Division has also promulgated regulations." *Vaughn*, 323 S.W.3d at 47 (citing § 207.020.1(5)).

In determining a claimant's eligibility for benefits, the Division must "consider and take into account all facts and circumstances surrounding the claimant, including his or her living

5

conditions, earning capacity, income and resources, from whatever source received…." §
208.010.1. *See also Vaughn*, 323 S.W.3d at 47. An individual claimant is ineligible for benefits
if she "[o]wns or possesses resources in the sum of one thousand dollars or more…." §
208.010.2(4). *See also Vaughn*, 323 S.W.3d at 47.

Section 208.212, RSMo Cum. Supp. 2007, governs the effect annuities have on Medicaid
eligibility. Specifically, it provides:

> For purposes of MO HealthNet eligibility, the stream of income from investment
> in annuities shall be excluded as an available resource for those annuities that:
> (1) Are actuarially sounds as measured against the Social Security Administration
> Life Expectancy Tables, as amended;
> (2) Provide equal or nearly equal payments for the duration of the device and
> which exclude balloon-style final payments;
> (3) Provide the state of Missouri secondary or contingent beneficiary status
> ensuring payment if the individual predeceases the duration of the annuity, in an
> amount equal to the MO HealthNet expenditure made by the state on the
> individual's behalf; and
> (4) Name and pay the MO HealthNet claimant as the primary beneficiary.

§ 208.212.1.

Section 208.080 establishes a right and procedure of administrative appeal from the
Division's decision denying MO HealthNet benefits. *Amos v. Estate of Amos*, 267 S.W.3d 761,
763 (Mo. App. E.D. 2008). The statute requires the Director to "give the applicant for
benefits…reasonable notice of, and an opportunity for, a fair hearing." § 208.080.7. At the
hearing, the applicant shall be entitled to introduce into the record "any and all evidence, by
witnesses or otherwise, pertinent to such applicant's or recipient's eligibility between the time he
or she applied for benefits or services and the time the application was denied." *Id.* Similarly,
the Director's decision must be based on the facts as they existed on the date the application was
rejected. Specifically, section 208.080.6 provides:

> If the division has rejected an application for benefits or services and the applicant
> appeals, the decision of the director as to the eligibility of the applicant at the time

such rejection was made shall be based upon the facts shown by the evidence presented at the hearing of the appeal to have existed at the time the rejection was made.

The Director's decision affirming the Division's rejection of Claimant's application for benefits was supported by competent and substantial evidence and was not arbitrary, capricious, or unreasonable. Claimant moved into a nursing home on June 28, 2012, and applied for MO HealthNet nursing home assistance benefits on August 2, 2012. The Division rejected her application on January 8, 2013, because "countable resources exceeded the limits" for the program. The evidence presented at the administrative hearing revealed that at the time Claimant moved into the nursing home and during the time when her application was pending, Claimant's husband owned an annuity naming both spouses as annuitants. When Claimant moved into the nursing home, she owned jointly or separately resources totaling $52,662.63, with the spousal share half that amount. As of the early August application date, Claimant owned jointly or separately resources totaling $45,904.34. In accordance with section 208.212, these totals properly included the remaining guaranteed payments under the annuity because the State of Missouri was not named as primary beneficiary. Claimant presented evidence that the beneficiary designation on the annuity had been changed as of April 2013. This designation, however, occurred months after the Division's January 2013 rejection. Under section 208.080.6, the Director's decision must be based on the facts as they existed on the date the application was rejected. As the State of Missouri was not named as primary beneficiary when the Division rejected Claimant's application, the Director was prohibited from considering the later beneficiary designation change, and the annuity was properly counted as an available resource. Because Claimant's available resources after subtraction of the spousal share exceeded the

7

resource maximum, she was ineligible for benefits, and the Director properly affirmed the Division's rejection of her application.

Claimant contends that the Division acted in an arbitrary, capricious, and unreasonable manner in not giving her prior notice or the opportunity to change the beneficiary of the annuity before rejecting her application. Specifically, she asserts that the Division failed to follow 13 CSR 40-2.010 when the Eligibility Specialist rejected her application without notification after requesting an interpretation of the annuity and being advised that in its current form, the income stream of the annuity was a countable resource but that if the Dannas added the State of Missouri as a beneficiary, Claimant would be eligible for benefits. Thirteen CSR 40.2.010(1) provides:

> Any person shall have the right to file an application included herein for any type of assistance or service administered by the Family Support Division. The Family Support Division shall inform the applicant of the types of assistance and services which are available, the requirements of eligibility, and additional information necessary, if any, to determine eligibility.

Claimant's argument, however, was not preserved for appellate review. At the administrative hearing, the Division introduced the Eligibility Specialist's written request for interpretation of the annuity and the response. Claimant, through her attorney, made no argument about the interpretation of the annuity. In a letter to the hearing officer after the hearing in which Claimant presented additional evidence, Claimant's attorney made the following statement about the interpretation of the annuity policy: "The Eligibility Specialist provided the interpretation of the policy to the applicant after the application was rejected. It was mailed to the applicant on March 12, 2013, in preparation for the initial hearing date." No claim was made at the hearing or in the later letter, however, that the Division violated 13 CSR 40-2.010(1) by not informing Claimant that if she designated the State of Missouri as a beneficiary, she would be eligible for benefits. Disposition of that claim would require findings

8

of fact and conclusions of law that do not appear in the record. The appellate court will not set aside an administrative action unless the agency has been given a prior opportunity to consider the point. *Dueker v. Mo. Div. of Family Servs.*, 841 S.W.2d 772, 776 (Mo. App. E.D. 1992). An issue that has not been presented for determination at the administrative hearing is not preserved for appellate review. *Id.* The point is denied.

The circuit court's judgment is affirmed.


_____
VICTOR C. HOWARD, JUDGE

All concur.